## HIGGINS vs. WHITNEY.

Where property tortiously taken by one person from the possession of another is subsequently levied upon whilst in the hands of the tort-feazor by a *third person*, under a warrant of distress for rent due by the owner, such last taking may be shewn *in mitigation of damages*, in an action by the owner against the *tort-feazor*, if the latter took the property under an honest belief that he had title to it, and not for the purpose of subjecting it to the landlord's warrant.

CERTIORARI to the municipal court of Brooklyn. *Whitney* sued *Higgins* in the court below in trespass, for breaking and entering his house, and taking and carrying away a carpet, bureau, and other goods and chattels of the plaintiff. [ *380 ] On the trial, the defendant attempted to justify under an assignment of the property to him by the plaintiff ; but the assignment was rejected, on a ground which need not be noticed. The defendant then offered to prove, in mitigation of damages, that the goods had subsequently been taken out of his custody by virtue of a landlord's warrant, to pay the rent of the plaintiff. This evidence was rejected by the court, and the defendant excepted. Verdict and judgment for the plaintiff.

*A. J. Spooner*, for plaintiff in error.

*N. B. Morse & J. P. Rolfe*, for defendant in error.

*By the Court*, BRONSON, J. When property has been tortiously taken, the owner is not only entitled to an action, but to full compensation in damages ; and he can neither be deprived of the one nor the other by *any mere act of the wrong-doer*, as by an unaccepted offer to return the property, or causing it to be subsequently taken on legal process *in his own favor* against the owner. *Hanmer* v. *Wilsey*, 17 *Wendell*, 91. *Otis* v. *Jones*, 21 *id.* 394. In the last case I remarked, that had there been a sale before suit brought, on legal process against the owner *in favor of some person other than the wrong-doer*, that would have presented a question which we were not then called upon to decide. That question is now before us ; and I

think the evidence offered should have been received in mitigation of the damages. Although the assignment was rejected by the court below—it is evident that the defendant took the property under the honest belief that he had a title to it. It was not a wanton trespass, nor was the property removed for the purpose of subjecting it to the landlord's warrant. Without any agency on his part, the property has since been taken from the defendant by legal process, and applied to the plaintiff's use, by paying the debt which he owed to a third person.

There is, I think, a difference in principle between the *cases on   [ *381 ] which the plaintiff relies, and the one at bar. One who has wrong-fully taken property cannot mitigate damages by showing that *he has him-self* applied the property to the owner's use without his consent. But when the property has been so applied, *by the act of a third person and the oper-ation of law*, that fact should be taken into the account in estimating the plaintiff's damages.

Judgment reversed.