Per Curiam.
The sheriff disregarded the directions on the execution and levied upon the separate property of Sherry. In this he acted without authority; and there is therefore no pretence for saying that the goods were in the custody of the law, so as to preclude the landlord’s right to distrain. The evidence offered and rejected was clearly admissible in mitigation of damages, as it would have gone to show that, independent of any agency on the part of the defendant, the property in question had been applied to the payment of the plaintiff’s debt due to a third person. (Higgins v. Whitney, 24 Wend. 379.) (a)
New trial granted.

 See S. P. Irish v. Cloyes et al. (8 Verm. Rep. 30.) Such evidence however will not establish a complete defence. {Id.) Nor is it admissible even in mitigation of damages, where the process on which the property has been applied was in favor of the wrongdoer. (Otis v. Jones, 21 Wend. 394 Hanmer v. Wilsey, 17 id. 91. Higgins v. Whitney, 24 id. 379.) In Kentucky, however, where a constable having an execution against A., residing in another county, passed over into that county and there seized A.’s horse, which he took back to his own county and sold, crediting the proceeds on the execution,; held, in trespass by A. for the illegal seizure, that the constable had a right to show the sale and application of the proceeds to the payment of A.’s debt, in mitigation of damages. (Board v. Head, 3 Dana's Rep. 489, 494.)