## Curtis *against* Ward and another.

The general rule of damages, in an action of trover, is the value of the property, at the time of conversion, with interest.

But to this general rule there are exceptions, as well established as the rule itself, and founded upon the same principle, *viz.* that the plaintiff ought to recover such damages as he has actually sustained, and no more.

These exceptions occur when the plaintiff has, subsequently to the conversion, had the benefit of the property.

Therefore, where it appeared, in an action of trover, brought by *A* against *B,* that subsequently to the conversion complained of, *B* had attached the same goods in a suit against *A,* and having obtained judgment, levied his execution on such goods, and had them applied in satisfaction of his debt against *A*—all in due course of law; it was held, that *A* could recover damages only for the original taking of the goods, and the detention of them until they were regularly attached.

THIS was an action of trover for the conversion of a large quantity of spectacles and silver spoons.

At the term of the superior court, holden at *Hartford*, in *September* 1849, the defendants were defaulted and heard in damages.

Upon such hearing, it was admitted, that the goods were taken by order of the defendant *Ward*, (*Smith*, the other defendant, acting as his agent,) and were never returned to the plaintiff.

In mitigation of damages, the defendants offered evidence to prove, that *Ward* procured a writ of attachment, in an action of book debt, in his favour against *Curtis*, the present plaintiff, returnable to the superior court, to be holden at *Hartford*, on the 4th *Tuesday* of *January* 1846, and placed the same in the hands of a deputy-sheriff, who, on the 10th day of *November* 1845, by direction of *Ward*, attached the goods in question, and made legal service of the writ upon *Curtis*. The officer immediately took the goods into his possession, and kept them until the 14th day of *January* 1846, when he again attached the same goods, erased the endorsement of the previous attachment, and endorsed upon the writ the last attachment and service. The writ, so endorsed, was duly returned to court, and *Ward* subsequently obtained judgment in his suit, took out a writ of execution, and caused the goods to be legally disposed of, and the proceeds applied in satisfaction of his judgment.

To the admission of this evidence, the plaintiff objected, claiming that he was entitled to recover the value of the goods, at the time of the first taking, with interest.

The case was reserved, on the question as to the admissibility of this evidence, for the advice of this court.

*Hungerford* and *Chapman,* for the plaintiff, contended, 1. That as the writ, by virtue of which the goods in question were taken, was never returned to the court, and the original endorsement of the officer thereon was erased, the legal effect of the transaction was the same as if there had been no process, and the taking must be deemed a *tortious* taking and a *conversion* of the property.

2. That the subsequent attachment of the property, and

Curtis
*v.*
Ward.

the sale and application of it to the execution in favour of the defendants against the plaintiff, could not be legally proved, either in justification of the first taking, or in mitigation of damages. *Hanmer* v. *Wilsey*, 17 *Wend.* 91. *Otis* v. *Jones,* 21 *Wend.* 394. *Higgins* v. *Whitney,* 24 *Wend.* 379. *Kaley* v. *Shed,* 10 *Metc.* 317.

*F. Parsons,* contra, contended, That in mitigation of damages, in trover or trespass, the defendant may show, 1. a restoration or return of the property; 2. that it has been taken on legal process against the debtor; 3. that the property has gone to pay his debts, or otherwise applied to his use. *Caldwell* v. *Eaton,* 5 *Mass. R.* 299. *Prescott* v. *Wright,* 6 *Mass. R.* 20. *Pierce* v. *Benjamin,* 14 *Pick.* 356. 361. *Greenfield Bank* v. *Leavitt,* 17 *Pick.* 1. *Reynolds* v. *Shuler,* 5 *Cowen,* 323. 326, 7. 3 *Stark. Ev.* 1506. *Irish* v. *Cloyes* & al. 8 *Verm. R.* 30.

In *trespass,* the undoubted rule is, that the plaintiff shall recover *the actual damage sustained,* except where exemplary damages may be awarded. *Bateman* v. *Goodyear,* 12 *Conn. R.* 575. 580. The same rule has been adopted in this state, in *trover.* *Baldwin* v. *Porter,* 12 *Conn. R.* 473. 484, 5. The *general principle,* both in trespass and in trover, is, to give the plaintiff such damages as he has *actually sustained.* And why should the form of action make any difference in this respect? Is justice to use one measure or another, at the election of the party or his attorney?

*T. C. Perkins,* on the same side, was stopped by the court.

Waite, J. *Ward,* the principal defendant, in this case, brought an action against the plaintiff, and caused the goods to be attached, and taken into the custody of the officer. Some two months afterwards, that attachment was abandoned, the endorsement of service erased from the writ, a new attachment and service made, and the writ, with the endorsement of the last service, was returned to court. Having obtained judgment in his suit, he caused the goods in question to be taken and disposed of according to law, and the proceeds to be applied in satisfaction of that judgment.

The present plaintiff then brought his action of trover against the defendants, for the original taking, and, as they could not justify that taking, by any return upon the original process, they suffered judgment to be rendered against them by default ; but they claim a right to show the subsequent disposition of the property, in mitigation of damages.

The plaintiff resists this claim, and insists, that he is entitled to recover the value of the goods, at the time of the conversion, with interest.   This claim of the plaintiff would be well founded, had he never, subsequent to the conversion, received any benefit from the property.   Such undoubtedly is the general rule in relation to damages in an action of trover. *Baldwin* v. *Porter*, 12 *Conn. R.* 473.   *Clark* v. *Whitaker*, 19 *Conn. R.* 330.

But to this general rule there are certain exceptions, " as well established," says *Morton*, J., " as the rule itself." *Pierce* v. *Benjamin*, 14 *Pick.* 1356.   " And both the rule and the exceptions," says *Church*, J., " proceed upon the same principle, that the plaintiff ought to recover as much, and no more damages, than he has actually sustained." *Baldwin* v. *Porter*, 12 *Conn. R.* 484.

Thus, if the property for which the action is brought, has been returned to, and received by the plaintiff, it shall go in mitigation of damages. *Greenfield Bank* v. *Leavitt,* 17 *Pick.* 161.   *Baldwin* v. *Porter*, and *Pierce* v. *Benjamin.* ubi sup.

So, if goods are tortiously taken, and a creditor of the owner afterwards attaches them, and disposes of them according to law, and applies the proceeds in satisfaction of a judgment against the owner, such proceeding may be shown, not as a justification of the taking, but in mitigation of damages.   For it would be palpably unjust for the owner to receive the full value of his goods, in their application to the payment of his debts, and then afterwards recover that value from another, who has derived no substantial benefit from his property.   This rule is not only in conformity with justice, but has the sanction of authority.   See *Pierce* v. *Benjamin*, above cited.

The case under consideration, is not, in principle, distinguishable from those stated.   The evidence offered, goes to show, that the plaintiff has been once paid for his goods, by a legal appropriation of them to the payment of a judgment

against him ; and no principle of justice requires that he should be again paid for the same property. The defendants ought to be responsible to the extent of the wrong they have committed, and no further.

We are aware, that a different doctrine has been recognized, by the courts in the state of *New-York ;* and the reason assigned is, that a person, who tortiously takes the goods of another, cannot, by any mere act of his own, deprive the owner of full damages in a suit against him. *Higgins* v. *Whitney,* 24 *Wend.* 379. *Hanmer* v. *Wilsey,* 17 *Wend.* 91.

But we are unable to yield our assent to the correctness of that doctrine, as applied to a case like the present, where there has been a *legal* appropriation of the property. *Ward,* the defendant in this case, had a *legal* right to attach the goods in question ; and as they were subsequently *legally* appropriated to the payment of the plaintiff's debt, he has, in that way, received the full value of his property.

The defendants admit, that they have committed a trespass, in taking the goods ; and that they are liable to pay the plaintiff all the damages he has sustained thereby, and no more. These are for the original taking, and the detention until the second attachment. Beyond this they have done him no wrong.

He has no more right to complain of the second attachment, than he would, if made by any other creditor, or if there had been no previous taking of the property.

When the goods were attached, the second time, the copy left in service with him showed their situation. It was then, at his option, to regain the possession, either by a writ of replevin, or by the payment of the debt upon which they were attached, or suffer them to be applied in satisfaction of that debt. Had he obtained his goods, in either of the former modes, it would hardly be claimed, that he could afterwards recover their value of the defendants. The same result ought to follow, if he suffer them to be applied, in due form of law, to the payment of his debt.

We are therefore of opinion, that the evidence offered was legally admissible, and so advise the superior court.

In this opinion the other judges concurred.

Decision for defendants.