SPRAGUE *vs.* McKINZIE.

In January, 1845, the defendant wrongfully converted to his own use a mare belonging to the plaintiff, for which the latter then had a right of action, to recover from the defendant the value of the mare. In February, 1845, the defendant sold the mare to McK. In an action of trover, for the mare, the defendant offered to prove, in mitigation of damages, that soon after McK.'s purchase of the mare, the plaintiff, claiming her as his property, took her out of the possession of McK. without his consent, and converted her to his own use. This evidence, though objected to, was received. The court charged the jury that the taking back of the property by the plaintiff must go in mitigation of the damages; and that it was a case for nominal damages, only.

*Held,* 1. That the court erred in admitting the evidence offered in mitigation of damages.

2. That whether that were so, or not, there was error in charging the jury that it was a case for nominal damages; for if the plaintiff was not entitled to recover the full value of the mare, he was at least entitled to recover the actual damages he had sustained by being deprived of the use of her, and the expenses he had incurred in regaining his property.

The plaintiff offered to show that McK., the defendant's vendee, had sued him for his taking the mare by force, and recovered a judgment. *Held* that such evidence was erroneously excluded, as it would have overthrown every pretense of a defense, by the defendant.

ON the first day of March, 1845, the plaintiff commenced an action of trover, for a mare, against the defendant, before a justice of the peace; and on the 5th day of April, 1845, a judgment was given in favor of the plaintiff, for $35 damages, and $2.50 costs.

The defendant appealed to the court of common pleas, in the county of Essex, and upon the trial in that court, after the plaintiff had given such evidence of his title to the mare as he deemed sufficient, and proved, by Milton McKinder, that he, the witness, purchased the mare of the defendant in March or April, 1844, the defendant offered to prove, in mitigation of damages, that the plaintiff, soon after Milton McKinder had purchased the mare, claimed the mare as his property, and took her out of the possession of Milton McKinder, and converted her to his own use, without the consent of the said Milton. This evidence

was objected to by the plaintiff, but his objection was overruled, and he excepted. The witness testified that the plaintiff, in company with another person, came to the witness' house, in February or March, 1844—soon after he had bought the mare of the defendant—and demanded the mare, and the witness refused to give her up. The plaintiff then asked if he might go to the barn to see the mare, and the witness went with him to the barn, and the plaintiff took the blanket and halter from the mare, and took her away, although he was forbidden to do so by the witness. After this evidence was admitted, the plaintiff offered to prove that the said witness commenced an action of trespass against him for taking away the said mare, and recovered, before the commencement of this suit. That evidence was objected to by the defendant's counsel, and excluded by the court, and the plaintiff's counsel excepted. The evidence being closed, the court charged the jury that the taking back the mare by the plaintiff must go in mitigation of the damages, and that the court considered it a case of nominal damages only. To which charge the counsel for the plaintiff excepted, and the jury gave a verdict in favor of the plaintiff for six and a quarter cents.

From the judgment entered upon the verdict, the plaintiff appealed.

*J. P. Butler*, for the appellant.

*J. F. Havens*, for the respondent.

*By the Court*, CADY, J. The first question is, did the court err in admitting the evidence on the part of the defendant in mitigation of damages?

On the 1st of January, 1845, the defendant wrongfully converted to his own use a gray mare belonging to the plaintiff, for which the plaintiff then had a right of action to recover from the defendant the value of the mare. That

mare the defendant sold to Milton McKinder, in February, 1845, and the presumption is, that he received her full value. He did nothing between the time he converted the mare and the trial of the cause in the court of common pleas, in satisfaction of the plaintiff's demand against him; nor did the plaintiff do anything to the defendant to cancel the demand which he had for the conversion of the mare, but the plaintiff took the mare by force from the plaintiff's vendee; and that act, the court instructed the jury, reduced the plaintiff's demand to nominal damages. Had the defendant been compelled to repay to his vendee the value of the mare, in consequence of the plaintiff's having taken her, there would have been an apparent equity in confining the plaintiff's recovery to the actual, not to nominal damages; but there was no pretense on the part of the defendant that he had repaid to his vendee the money which he had received for the mare, or that he was liable to repay it, in consequence of the plaintiff having taken her.

The cases to which the counsel for the defendant has referred, in support of the ruling of the court, do not, in my opinion, show that the evidence offered by the defendant, and received by the court, was admissible.

The case of *Higgins* v. *Whitney*, (24 *Wend.* 379,) seems to be the most favorable to the defendant. In that case the defendant took the goods, believing them to be his, but in that he was mistaken. After he had failed to show that the goods were his, he offered to show that after he had taken the goods, they were taken from *him, without his consent*, by legal process, and applied in payment of a debt due from the plaintiff. That evidence was rejected by the municipal court in Brooklyn, and the Supreme Court held that that evidence ought to have been received. Justice Bronson, in giving the opinion of the court, in that case, said: "One who has wrongfully taken property cannot mitigate damages by showing that he has himself

applied the property to the owner's own use, without his consent. (21 *Wend.* 394.) But when the property has been so applied, by the act of a third person, and the operation of law, that fact should be taken into the account in estimating the plaintiff's damages." In that case the property had been taken from the wrongdoer, and applied in payment of a debt due from the plaintiff. The defendant had gained nothing by his wrongful act, and to compel him to pay for property which had legally been applied in payment of the plaintiff's debt, would have had the appearance of great severity. Had the mare, in this case, been taken from the defendant by an execution against the plaintiff, without the defendant's consent, he might have relied upon the case of *Higgins* v. *Whitney.* But, instead of that, he sold the mare, and it must be taken for granted that he now has her value in his pocket, and wishes to retain it, and thus be benefited by his own wrongful act.

I am of opinion that the court erred in admitting the evidence offered by the defendant in mitigation of damages. But whether that be so or not, there was error in charging the jury that it was a case for nominal damages; for if the plaintiff was not entitled to recover the full value of the mare, he was at least entitled to recover the actual damages he had sustained by being deprived of the use of her, and the expenses he had incurred in regaining his property.

Suppose the plaintiff had been deprived of the use of his property for three months, and had been obliged to travel 200 miles to find it in the possession of the defendant's vendee, would nominal damages have satisfied his just and legal claim against the defendant? No sympathy ought to be indulged in favor of wrongdoers, at the expense of the injured party. Why was the evidence, offered by the defendant in mitigation of damages, received, but

---
Sprague *v.* McKinzie
---

.for the purpose of enabling him to retain the value of property which he had wrongfully converted?

If that evidence was admissible, it must have been upon the assumption that the plaintiff, by retaking his property, was fully indemnified, and made the plaintiff liable to pay his vendee for the property which the plaintiff had taken by force; but the plaintiff offered to show that the defendant's vendee had sued him and recovered for his taking the mare by force, and having recovered against the plaintiff he could have no claim against his vendor, the defendant.

I am of opinion that the evidence offered by the plaintiff was erroneously excluded. Although it is somewhat difficult to imagine how the defendant's vendee could recover against the plaintiff for taking his own property, yet such a recovery may have been had, and the plaintiff ought to have been allowed to prove it, if in his power, as it would have overthrown every pretense of a defense by the defendant.

The plaintiff had appealed from the judgment of a justice, and was entitled to have his cause tried in the court of common pleas.

The judgment of the court of common pleas must be reversed, and a new trial had *in the county court in the county of Essex.*

New trial granted.

[WASHINGTON GENERAL TERM, January 6, 1851. *Paige, Willard, Hand* and *Cady,* Justices.]