## FELTON *v.* FULLER.

In trespass for the sale of property taken and sold on process, and bid in by the plaintiff, or for his benefit, the rule of damages is the amount paid, with interest, and the damages for the taking and detention, if any such are proved.

TRESPASS, for taking and carrying away a stock of liquors and groceries. The general issue was accompanied by a brief statement, that the defendant was a deputy sheriff, and as such attached the property by virtue of a writ upon a just debt, in a suit by one J. Felton against one D. G. Fuller, and that the property belonged to him. The defendant, on application of the creditor, Felton, sold the property upon the writ, and the plaintiff bought it at auction, at the sheriff's sale, for the sum of $328.38, and returned it to his shop, whence the defendant had taken it.

The defendant contends that the measure of damages is the amount thus paid by the defendant to recover his property, with such further damages as he has suffered by the taking and detention, which continued about thirty days. The plaintiff claims to recover the value of the property at the time it was taken by the defendant, and interest. The jury rendered a verdict for the plaintiff, and by consent made two assessments of damages; one of $797.34, being the value of the property when taken, with interest; the other for the amount of said sale, and interest, and damages for said taking and detention, in all $507.04.

Judgment is to be rendered for one or the other of these sums, as the court may order.

*W. H. Bartlett*, for defendant.

Damages being given as compensation for the injury actually sustained by the plaintiff, are to be precisely commensurate to the injury. 2 Greenl. Ev., sec. 253.

Ordinarily, in trespass *de bonis asportatis*, the rule of damages is the value of the property at the time of the taking, with interest, because that is ordinarily the measure of the injury. But where this would not be a just rule of indemnity, it is not the

measure of damages. *Perry* v. *Chandler*, 2 Cush. 243 ; *Squire* v. *Hallenbeck*, 9 Pick. 551 ; *Stewart* v. *Martin*, 16 Vt. 397 ; *Robinson* v. *Mansfield*, 13 Pick. 139 ; *Sinclair* v. *Tarbox*, 2 N. H. 135 ; *Sperry* v. *Schuyler*, 2 Hill. 204 ; *Keeley* v. *Shedd*, 10 Met. 309 ; *Walker* v. *Cochran*, 8 N. H. 173 ; *Baker* v. *Davis*, 4 N. H. 338 ; *Hopple* v. *Higbee*, 3 Tab. 342, (14 Dig. 553, 39, 41.)

Accordingly, in trespass for sale of property under process, where the property has been bid off by the plaintiff, or for his benefit, the most liberal rule of damages is the amount paid, with interest, and the damages for the taking and detention. 2 Greenl. Ev., sec. 635 and n., and sec. 272 ; *Baker* v. *Freeman*, 9 Wend. 36 ; *Merrill* v. *Haw*, 11 Shep. 126 ; *Young* v. *Hyde*, 14 N. H. 37, 38 ; *Dennison* v. *Hyde*, 1 Conn., 2d series, 509. See *Long* v. *Lumpkin*, 9 Cush. 361.

Clearly, in trover under such circumstances, the plaintiff could not recover the value of the property, with interest. 2 Greenl. Ev., secs. 276 and 642 ; *Moore* v. *Raphael*, 2 Bing. N. S. 310 ; *Bank* v. *Leavitt*, 17 Pick. 1 ; *Hunt* v. *Haskell*, 11 Shep. 342 ; *Pierce* v. *Hallenbeck*, 14 Pick. 356. There is no reason why the rule should be different in trespass in this particular. There was no matter of aggravation, and there is no pretext of injury to the goods ; and if there were, it is covered by the damages for the taking and detention. The plaintiff has them back again, with full compensation for the taking and detention, and the amount paid, with interest ; and this is a full satisfaction of his damages. He is only to have compensation, and is not to turn the defendant's misfortune into a matter of speculation.

*H. A. Bellows*, for the plaintiff.

The general rule in trespass is that the damages are measured by the actual value of the goods at the time of the taking.

In mitigation, the defendant may show that the goods were restored, or in some way had come to the use of the owner. 2 Greenl. Ev., sec. 272 ; *Perkins* v. *Thompson*, 3 N. H. 144 ; *Barron* v. *Davis*, 4 N. H. 338.

This class of cases goes on the ground that the goods are restored by the wrong-doer, or taken by the owner without any new title being acquired by him, but simply by resuming the possession, of which he had been wrongfully deprived.

So when the avails of the property have gone to the use of the owner, in pursuance of the purpose of the taker. *Kaley* v. *Shedd,* 10 Met. 319, and cases cited.

In the present case there has been no restoration of the goods, or application to the plaintiff's use by the defendant. But the plaintiff's right has been always denied, and the goods went into the plaintiff's possession, not by any assent of the defendant, as a restoration of the goods, but by a purchase at auction, in which the plaintiff stood upon exactly the same footing as any other person. His relation to the defendant in that transaction was simply that of a vendor and vendee, and he received the goods in fact under a new title ; having no reference to, or in any way recognizing the old title ; the sale by the sheriff under process giving a new title, as in cases of sale in market overt. Story on Sales, sec. 192, note 2, and cases cited. At any rate, the defendant cannot assume any other ground. The plaintiff purchased at his own risk, like any other person precisely. If he paid too much, the loss was his, and so of the gain, if he paid less than the value. So far as respects the defendant, his contract was for a good title to the plaintiff for the price he paid. He stipulated for nothing else, and the sale to him had no reference to the plaintiff's former claim. If he is now allowed to mitigate the damages in this way, it can be regarded in no other light than as a substantial addition to the contract of sale, which was that the plaintiff should have the entire title for the agreed price. If the plaintiff had given more than the value of the goods, he could not have been allowed to increase the damages in that way.

Suppose the plaintiff had bought the goods of a third person, who had purchased them at auction, and at less than their value, could it be shown in mitigation of damages ? And yet the principle is the same. In neither case had the purchaser any thing to do with the original title of the plaintiff.

Felton *v.* Fuller.

BELL, J. In actions of trespass *de bonis asportatis*, where there are no circumstances of aggravation to justify special or exemplary damages, the ordinary rule of damages is the same as in actions of trover, namely, the value of the property taken at the time of the conversion or taking, with interest. *Kennedy* v. *Whitwell*, 4 Pick. 466 ; *Greenfield Bank* v. *Leavitt*, 17 Pick. 1 ; *Weld* v. *Oliver*, 21 Pick. 559 ; *Johnson* v. *Metcalf*, 1 Met. 172. See *Barry* v. *Burnett*, 7 Met. 354 ; *Curtis* v. *Ward*, 20 Conn. 204 ; *Hunt* v. *Haskell*, 24 Me. (11 Shep.) 339.

It is admitted that there is an exception to this rule, in cases where the property has been restored, or has in some way come to the use of the owner.

For the plaintiff it is contended that the exception applies only to the cases where the goods have been restored by the wrong-doer, or the possession is merely resumed by the owner, without his having acquired a new title ; and that in the present case the plaintiff acquired a new title, as a purchaser, from the defendant himself. This view is ingenious and plausible. But we think the authorities cited for the defendant are conclusive, that both in trespass and trover for a wrongful seizure and sale of property under process, where the property has been bid off by the plaintiff or for his benefit, the ordinary rule of damages is the amount paid with interest, and such damages as may have been sustained by its taking and detention, if any such are proved.

This rule is clearly recognized by the court in this State in the case of *Young* v. *Hyde*, 14 N. H. 37.

Judgment should, therefore, be rendered for $507.04, and not for the larger sum assessed by the jury.