JOSEPH HARTMANN, Appellant, *v.* JOHN W. BURTIS and JOHN R. BURTIS, Respondents.

*Appeal — a judgment will not be reversed merely to allow nominal damages — a levy under an attachment, not void but set aside after a sale of the property on execution, is not a conversion — measure of damages under the undertaking.*

In an action upon an undertaking given to secure a warrant of attachment by which the defendants bound themselves, if the obligee (the plaintiff) recovered judgment or the warrant should be vacated, to pay all costs which might be allowed to the obligee and all damages which he might sustain by reason of the attachment, it appeared that the sheriff made a levy under the warrant and seized a quantity of the obligee's goods; that while the attachment was still in force these goods were subsequently sold for $402 under an execution in the action in which the attachment was issued; that the attachment was subsequently vacated by an order which did not show that the warrant of attachment was void or the reason for vacating it.

The court held that the plaintiff had proved no damages except the sum of ten dollars, awarded to him as costs by the order vacating the attachment, and directed a judgment for the plaintiff in that amount.

*Held,* upon an appeal taken by the plaintiff, that, although the fact that the property brought $402 upon the execution sale was some evidence that it was worth that amount, and that the plaintiff should have been allowed interest on $402 for the fifteen days during which the property was held by the sheriff under the attachment, yet that the amount was so small as to bring the case within the rule that a judgment will not be reversed in order to award the appellant merely nominal damages;

That, it not appearing that the attachment was void, the plaintiff in the present action was not in a position to assert that the action of the sheriff under it constituted a conversion of the attached property and that consequently the subsequent sale under execution could not be shown in mitigation of damages.

APPEAL by the plaintiff, Joseph Hartmann, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 30th day of March, 1901, upon the verdict of a jury for ten dollars rendered by direction of the court, and also from an order entered in said clerk's office on the 30th day of March, 1901, denying the plaintiff's motion for a new trial made upon the minutes.

*Lincoln B. Haskin,* for the appellant.

*Henry P. Keith* [*John W. Demarest* with him on the brief], for the respondents.

WILLARD BARTLETT, J.:

In an action in the County Court of Nassau county brought by John R. Burtis against Joseph Hartmann a warrant of attachment against the property of Hartmann was granted by the county judge upon an undertaking in which John R. Burtis and John W. Burtis bound themselves if Hartmann recovered judgment or the warrant should be vacated to pay all costs which might be awarded to Hartmann, and all damages which he might sustain by reason of the attachment not exceeding the sum of $750. The sheriff made a levy under the warrant and seized a considerable quantity of Hartmann's goods. Subsequently, under an execution in the same action, the sheriff sold the goods for the aggregate sum of $402. The attachment was still in force at the time of this sale. It was afterwards vacated, however, by an order of the County Court, and the present action is brought by Hartmann against the parties who signed the undertaking to enforce their liability thereunder. The learned judge before whom the case was tried held that the plaintiff had proved no damage except the sum of $10, which was awarded to Hartmann as costs by the order of the County Court vacating the warrant. Accordingly, he directed a verdict in favor of the plaintiff for that amount, and the plaintiff has now appealed on the ground that upon the proof he was entitled to recover a larger sum against the sureties.

I think the fact that the property brought $402 upon the execution sale was some evidence that it was worth that amount. The goods were held by the sheriff fifteen days under the attachment, so that the utmost damage (over and above the $10 which he was allowed to recover) which the evidence shows the plaintiff herein to have suffered, which is chargeable against the sureties upon the undertaking, is the lawful interest upon $402 for fifteen days. This amount is so small that it brings the case within the rule that a judgment will not be reversed in order to award the appellant merely nominal damages.

The case of *Otis* v. *Jones* (21 Wend. 394) is cited as an authority adverse to the action of the learned trial judge. That case, how-

ever, differed radically from the case at bar. There the plaintiff's property had been first sold under an execution which had no judgment whatever to support it, so that the process was absolutely void, and the action was in tort as for a conversion of the property by the person in whose name the execution was issued, who was also the purchaser at the sale. The rule applied was that laid down in *Haumer* v. *Wilsey* (17 Wend. 91) that after one has wrongfully converted property he cannot show in mitigation of damages that he has subsequently seized and sold the property upon process in his own favor. Although this appears to be the settled rule in New York, it does not prevail in all the States. Thus, in Connecticut, the lawful seizure and sale of property after it has been converted upon process against the owner can be shown in mitigation of damages, even where the last process under which the sale was had is in favor of the wrongdoer himself. (*Curtis* v. *Ward*, 20 Conn. 204; *Hopple* v. *Higbee*, 23 N. J. L. 342.) But in New York, where the action is for conversion, the wrongdoer can only set up a subsequent lawful seizure and sale in mitigation of damages where the seizure is at the instance of a third person, and not on process in his own behalf. (*Ball* v. *Liney*, 48 N. Y. 6, 14.)

In the present case, however, the defendants are not sued as wrongdoers at all. They are sought to be charged upon the contract contained in the undertaking which they executed. Under that instrument it was not essential for the plaintiff herein to show that the warrant of attachment was void. The liability of the sureties was not made dependent upon the validity or invalidity of the attachment, but upon the future action of the County Court in dealing with the process. The sureties were to become liable for the costs and such damages as Hartmann might sustain if the attachment should be vacated for any reason whatsoever. There is nothing in the record before us to show that the County Court held the attachment to be void. The order setting it aside recites that it is made upon an affidavit of the plaintiff herein, and on all the affidavits and papers upon which the warrant was granted, and it may well be that the reason which induced the County Court to vacate the warrant was that the plaintiff in the attachment suit did not sustain the burden of proof requisite to make out his right to the process. If this were so, the attachment was not void, and

Hartmann's only right to redress against these sureties rested, not upon any tortious act on their part, but upon the liability which they had assumed by executing the written undertaking.

I think the rule in *Otis* v. *Jones* (*supra*) has no application here, and that this case was properly disposed of below.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and JENKS, JJ., concurred.

Judgment and order affirmed, with costs.