HARTMANN v. BURTIS et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. ATTACHMENT—ACTION ON BOND—MEASURE OF DAMAGES.

  The measure of the owner's damages in a suit on an attachment bond is not the value of the property sold under execution in the same action, but only the costs awarded on vacation of the attachment warrant, and interest on the value of the property for the time it was held under the attachment; it not appearing that in vacating the attachment the court held it void ab initio.

2. SAME—DE MINIMIS NON CURAT LEX.

  In a suit on an attachment bond, where a judgment for plaintiff was correct, except in failing to allow him interest on $400 for 15 days, the error was too insignificant to furnish ground for reversal.

Appeal from special term, Nassau county.

Action by Joseph Hartmann against John R. Burtis and another. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Lincoln B. Haskin, for appellant.

Henry P. Keith (J. W. Demarest, on the brief), for respondents.

WILLARD BARTLETT, J. In an action in the county court of Nassau county brought by John R. Burtis against Joseph Hartmann, a warrant of attachment against the property of Hartmann was granted by the county judge upon an undertaking in which John R. Burtis and John W. Burtis bound themselves, if Hartmann recovered judgment, or the warrant should be vacated, to pay all costs which might be awarded to Hartmann, and all damages which he might sustain by reason of the attachment, not exceeding the sum of $750. The sheriff made a levy under the warrant, and seized a considerable quantity of Hartmann's goods. Subsequently under an execution in the same action the sheriff sold the goods for the aggregate sum of $402. The attachment was still in force at the time of this sale. It was afterwards vacated, however, by an order of the county court; and the present action is brought by Hartmann against the parties who signed the undertaking to enforce their liability thereunder. The learned judge before whom the case was tried held that the plaintiff had proved no damage, except the sum of $10 which was awarded to Hartmann as costs by the order of the county court vacating the warrant. Accordingly he directed a verdict in favor of the plaintiff for that amount, and the plaintiff has now appealed on the ground that upon the proof he was entitled to recover a larger sum against the sureties.

I think the fact that the property brought $402 upon the execution sale was some evidence that it was worth that amount. The goods were held by the sheriff 15 days under the attachment, so that the utmost damage which the evidence shows the plaintiff herein to have suffered, which is chargeable against the sureties upon the undertaking, is the lawful interest upon $402 for 15 days. This

amount is so small that it brings the case within the rule that a judgment will not be reversed in order to award the appellant merely nominal damages. The case of Otis v. Jones, 21 Wend. 394, is cited as an authority adverse to the action of the learned trial judge. That case, however, differed radically from the case at bar. There the plaintiff's property had been first sold under an execution which had no judgment whatever to support it, so that the process was absolutely void; and the action was in tort, as for a conversion of the property by the person in whose name the execution was issued, who was also the purchaser at the sale. The rule applied was that laid down in Hanmer v. Wilsey, 17 Wend. 91,—that after one has wrongfully converted property he cannot show, in mitigation of damages, that he has subsequently seized and sold the property upon process in his own favor. Although this appears to be the settled rule in New York, it does not prevail in all the states. Thus, in Connecticut the lawful seizure and sale of property after it has been converted upon process against the owner can be shown in mitigation of damages, even where the last process under which the sale was had is in favor of the wrongdoer himself. Curtis v. Ward, 20 Conn. 204; Hopple v. Higbee, 23 N. J. Law, 342. But in New York, where the action is for conversion, the wrongdoer can only set up a subsequent lawful seizure and sale in mitigation of damages where the seizure is at the instance of a third person, and not upon process in his own behalf. Ball v. Liney, 48 N. Y. 6, 14, 8 Am. Rep. 511. In the present case, however, the defendants are not sued as wrongdoers at all. They are sought to be charged upon the contract contained in the undertaking which they executed. Under that instrument it was not essential for the plaintiff herein to show that the warrant of attachment was void. The liability of the sureties was not made dependent upon the validity or invalidity of the attachment, but upon the future action of the county court in dealing with the process. The sureties were to become liable for the costs and such damages as Hartmann might sustain if the attachment should be vacated for any reason whatsoever. There is nothing in the record before us to show that the county court held the attachment to be void. The order setting it aside recites that it is made upon an affidavit of the plaintiff herein, and on all the affidavits and papers upon which the warrant was granted, and it may well be that the reason which induced the county court to vacate the warrant was that the plaintiff in the attachment suit did not sustain the burden of proof requisite to make out his right to the process. If this were so, the attachment was not void, and Hartmann's only right to redress against these sureties rested, not upon any tortious act on their part, but upon the liability which they had assumed by executing the written undertaking. I think the rule in Otis v. Jones, supra, has no application here, and that this case was properly disposed of below.

Judgment and order affirmed, with costs. All concur.