# April Term, 1903.

[No. 4328.]

## WINCHESTER v. JOSLYN.

**1. Pledges—Unauthorized Sale—Conversion.**

Where collateral security is sold without authority and purchased by the pledgee, it is not a conversion by the pledgee. The pledgor has an election to ratify or disaffirm the sale. If he disaffirms the sale the property remains in the hands of the pledgee as security subject to redemption by payment of the debt. But if the pledgee by an unauthorized sale puts it out of his power to restore the pledged property he is liable to the pledgor for the amount of the value thereof and a tender of the amount of the debt or demand for the return of the property is not necessary.

**2. Same—Fraud—Pleading—Evidence.**

The fact that a pledgee at an unauthorized sale purchased the property at a grossly inadequate price does not entitle the pledgor, in an action by the pledgee on the note, to have the issue of fraud in the purchase of the property submitted to the jury where there was no allegation of fraud in the answer.

**3. Pledges—Unauthorized Sale—Conversion.**

Where a pledgee purchased collateral security at an unauthorized sale, the fact that he asserts absolute ownership of the property does not amount to a conversion.

**4. Contracts—Bills and Notes—Pleading—Evidence—Variance.**

Where in an action upon a promissory note defendant set up in an amended answer a counter claim based upon the breach of a contract, but the contract proven was entirely different from the one alleged in his answer, in the absence of a request to amend his answer to correspond with the proof it was not error to direct a verdict for plaintiff, although defendant before giving his testimony had tendered a second amended answer, which was denied because no proper showing was made, in which the contract was alleged in accordance with the proof.

*Appeal from the District Court of Teller County.*

(220)

Messrs. TEMPLE & CRUMP, for appellant.

Messrs. LUNT, BROOKS & WILCOX, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

Suit was brought by the plaintiff, Joslyn, against the appellant, Winchester, and others, upon the following promissory note:

"2,500.        Cripple Creek, Colo., Feb. 17, 1896.

Thirty days after date for value received we jointly and severally promise to pay to the order of Geo. A. Joslyn two thousand five hundred dollars, payable at·the First National Bank of Cripple Creek, Colo., with interest at the rate of two per cent per month from date until paid.

THE WINCHESTER-HOWARD INVESTMENT CO.
JOSIAH WINCHESTER, President.
JOSIAH WINCHESTER.
HERBERT WARNE."

Credits in the sums of $150. $250 and $10 are endorsed upon the note.

It is alleged in the complaint that at the time of the delivery of the note the defendants delivered to plaintiff in pledge to secure its payment certain certificates of stock in certain mining companies, but that, the defendant having failed to pay the interest upon said note and the principal thereof, the said stock was sold at the front door of the First National Bank in Cripple Creek for the sum of ten dollars, and that said amount was credited upon the note.

The defendants answered, admitting the execution of the note and declaring that the said George A. Joslyn caused the said stock to be sold without authority from any of the makers of the note, and that he was the purchaser of said stock at the sale, and that he converted the said stock to his own use,

and that the said stock was worth the sum of three thousand dollars. The defendants further answered that the plaintiff failed to perform a certain contract entered into between him and The Winchester-Howard Investment Company, and that by reason of the plaintiff's failure to comply with the said contract, the defendant company had been damaged in the sum of eight thousand dollars.

In the reply, the facts set forth in the answer and counterclaim are denied.

The court instructed the jury to render a verdict in favor of the plaintiff and against the defendants for the sum of $4,690.67, which was done, and the defendant Winchester has appealed to this court.

But two questions are presented for our determination. The sale, not having been authorized by the pledgor, and it not being a judicial sale, is conceded to be illegal. The appellant contends that the action of the appellee in purchasing the pledged property at the sale was tantamount to the conversion of the stock, and subjects the pledgee to an accounting for its fair market value at the time of the conversion. The rule is not as the appellant asserts. When collateral security is purchased by the pledgee, the pledgor has an election to either ratify or disaffirm the sale. If he ratifies the sale, the title to the security becomes absolute; if he disaffirms it, the property remains in the hands of the pledgee as security, subject to the right of the pledgor to redeem by a payment of the debt. When, however, the pledgee by an unauthorized sale puts it out of his power to restore the pledged property, he is liable for the amount of the value thereof to the pledgor. In such case it is not necessary that a tender of the amount of the debt or a demand for the return of the property be made.—Jones on Pledges, §§ 570, 571, 571a.

The court refused to permit the defendant to prove that at the time of the sale the stock sold was of the value of about two thousand dollars, and the appellant, on the oral argument, contended that, assuming that there was not a conversion by reason of the purchase by the pledgee, if the transaction was fraudulent, there was a conversion; and that, inasmuch as the property was worth at the time of the sale the sum of two thousand dollars, the fact that the pledgee bid in the property for the sum of ten dollars was evidence of fraud, and that the question should have been submitted to the jury.

If we were to assume that a conversion takes place when a pledgee fraudulently purchases the pledged property at an illegal sale, it cannot avail the appellant, because not only was there no statement of facts constituting fraud in the answer, but there is no allegation of fraud contained therein. The plaintiff in his replication asserted his right to the stock under the sale, and alleged that the stock was of no greater value than the sum of ten dollars. It is insisted that the assertion of absolute ownership is equivalent to a conversion; but we do not think the fact that he has asserted a title he does not possess constitutes a conversion. His mere assertion did not in any way deprive the defendant of his right to redeem, and no one is shown to have been injured by the statement.

In the amended answer and counterclaim, the defendant Winchester sets up a contract between the plaintiff (appellee) and The Winchester-Howard Investment Company which the plaintiff, it is alleged, failed and refused to carry out, to the damage of said company in the sum of eight thousand dollars; that the said company has filed its amended answer and counterclaim setting forth the said contract and alleging a breach thereof, and that by reason of the

foregoing facts the said note has been fully paid and satisfied. The replication denied the allegations of the answer. During the trial, and after the plaintiff had rested and while the defendant Winchester was upon the stand, he asked leave to file a second amended answer, and the application was denied. In the answer tendered, another and different agreement is set forth, and the defendant Winchester alleged he had entered into a contract with the plaintiff the terms of which the plaintiff had failed to comply with. No showing was made, however, and we cannot say that the court erred in refusing to permit the second amended answer to be filed. Upon the trial the defendant Winchester testified concerning the contract alleged in the answer, but his testimony does not support the amended answer. His testimony supports the contracts mentioned in the second amended answer, and not the one alleged in the answer which is one of the pleadings in the case. No request was made to permit an amendment to conform to the proof, and the court did not err in directing a verdict for the plaintiff.

The judgment is affirmed.                    *Affirmed.*