(113 N. W. 1067.)

---

### REEVES & COMPANY v. JOHN BRUENING.

Opinion filed Dec. 10, 1907.

**Sale — Enforcement of Vendor's Lien — Purchase by Seller.**

1. Plaintiff agreed to sell to defendant, and defendant agreed to purchase from plaintiff, a certain threshing rig, and, upon defendant's refusal to accept and settle for such property, plaintiff proceeded to enforce a vendor's lien for the purchase price pursuant to section 6284, Rev. Codes 1905. Plaintiff, without defendant's consent, bid such property in at the foreclosure sale. *Held* that, the statutory manner of foreclosing such liens being the same as that prescribed for the foreclosure of liens on pledged property, plaintiff had no right, in the absence of defendant's consent, to purchase the property at the sale, and such sale was therefore voidable at defendant's election.

**Pledges — Foreclosure — Statutes.**

2. The enactment of section 6296, Rev. Codes 1905, which provides generally that liens upon personal property may be foreclosed upon the notice and in the manner provided for the foreclosure of mortgages upon personal property, did not operate to repeal the special provision relating to the foreclosure of pledged property as contained in chapter 76 of the Civil Code (Rev. Codes 1905, sections 6193-6218).

**Statutes — Repeal by Implication.**

3. The rule of statutory construction that repeals by implication are not favored, and that special provisions of a statute are not repealed by general provisions relating to the same subject matter unless the legislative intent to that effect is manifest, is stated and applied in the opinion.

**Foreclosure of Lien — Purchase by Seller — Ratification.**

4. Defendant not having consented to, nor ratified, such purchase by plaintiff, the sale was ineffectual to transfer the title of the property to plaintiff. Hence no recovery can be had in this action under the rule of damages prescribed in subdivision 1, section 6573, Rev. Codes

1905, and the district court therefore erred in rendering judgment for plaintiff.

Appeal from District Court, Foster county; *Burke, J.*

Action by Reeves & Co. against John Bruening. Judgment for plaintiff. Defendant appeals.

Reversed, and action dismissed.

*F. Baldwin* and *C. B. Craven,* for appellant.

Where two clauses of a statute are irreconcilable, that which is directed specially to the matter, will control, rather than that which is merely incidental. 26 Am. & Eng. Enc. Law, 619; Long v. Culp, 14 Kan. 412; Griffith v. Carter, 8 Kan. 565.

Pledgee cannot buy at his own sale. 22 Am. & Eng. Enc. Law. 891; Wright v. Ross, 36 Cal. 414; Bryan v. Baldwin, 52 N. Y. 232.

To justify such purchase he must show an agreement with pledgor or a stipulation. 16 Cyc. 928, 931.

The sale was not according to law. Stanford v. McGill, 6 N. D. 536, 72 N. W. 938.

The measure of damages is the difference between price agreed on and market value. Minneapolis Threshing Machine Co. v. McDonald, 10 N. D. 408, 87 N. W. 993.

*Turner & Wright,* for respondent.

Subsequent legislation repeals previous inconsistent laws. 1 Lewis Suth. St. Const. (2d Ed.) section 247; Campbell v. Case, 1 Dak. 17, 46 N. W. 504; State v. Welbes, 75 N. W. 820; Van Den Bos v. Douglas Co., 76 N. W. 935.

Fisk, J. Plaintiff recovered judgment in the district court of Foster county, and defendant has brought the case here for trial de novo of the entire case.

Plaintiff's cause of action arises out of a contract entered into between the parties on August 17, 1903, by the terms of which the plaintiff agreed to sell to the defendant, and the latter agreed to purchase from plaintiff, a threshing rig consisting of an engine separator, self-feeder and other attachments, at the agreed price of $3,100, and freight charges on the same from Columbus, Ind., to Carrington, in this state. Plaintiff contends that defendant refused to receive and settle for said rig pursuant to the contract,

and that thereafter, and on August 6, 1904, it foreclosed its vendor's lien thereon by a sale of said property, first having given public notice of such sale as required by law, and having personally served upon defendant a notice of such sale. Plaintiff bid the property in at the foreclosure sale for the sum of $1,500, and the object of this action is to recover the difference between what defendant agreed to pay for said property under the aforesaid sale contract, with interest, less the said sum of $1,500. Plaintiff claims the right to recover said sum as damages under the provisions of subdivision 1, section 6573, Rev. Codes 1905, which reads as follows: "The detriment caused by the breach of a buyer's agreement to accept and pay for personal property, the title to which is not vested in him is deemed to be: (1) If the property has been resold pursuant to section 6284, the excess, if any, of the amount due from the buyer under the contract over the net proceeds of the resale. * * *" Section 6284 is as follows: "One who sells personal property has a special lien thereon, dependent on possession for its price if it is in his possession when the price becomes payable; and may enforce his lien in like manner as if the property was pledged to him for the price." Several questions are presented by counsel, but the view we take regarding the alleged foreclosure sale renders it unnecessary for us to consider any other question. We are convinced, for the reasons hereinafter given, that such attempted sale was voidable as to the defendant; and hence that plaintiff cannot recover in this action, and, as a necessary consequence, that the trial court erred in rendering judgment in plaintiff's favor. Plaintiff had a special lien upon the property, dependent upon possession, and could enforce such lien only in the manner in which a lien by pledge could have been enforced. Section 6284, Rev. Codes 1905. Turning to chapter 76 of our Civil Code (Rev. Codes 1905, sections 6193-6218), relating to pledges, we find two methods of foreclosure prescribed—one by public auction in the manner and upon the notice usual at the place of sale relating to auction sales of similar property (section 6212, Rev. Codes 1905), and the other by a judicial sale under the direction of a competent court, at which latter sale the pledgee may be authorized by the court to purchase at the sale. Section 6218, Rev. Codes 1905. At a foreclosure sale conducted in the manner first mentioned it is clear that in the absence of consent thereto by the pledgor, and none was shown in this case, the pledgee could not become the purchaser of the prop-

erty sold. Section 6217, Rev. Codes 1905. The chapter on pledge as contained in our Civil Code was evidently borrowed from California; and prior to 1895 the two statutes were identically the same. In 1895 the section of the California Code corresponding with section 6217 of our Code was amended so as to permit the pledgee to purchase at the foreclosure sale without the pledgor's consent. Prior to such amendment, the rule was firmly settled by the Supreme Court of that state in accordance with the construction here adopted by this court. Wright v. Ross, 36 Cal. 414; Hill v. Finnigan, 62 Cal. 426. In the latter case it was said: "The section was undoubtedly enacted for the protection of the pledgor, to the end that no unfair advantage be taken of him. It prohibits a pledgee or pledge holder from purchasing any property pledged except by direct dealing with the pledgor.' By such dealing with the pledgor the pledgee may purchase it. Why should it be held that by this is meant that the pledgee or pledge holder can only purchase by taking a direct transfer from the pledgor? The statute does not say so, and the reason of the prohibition suggests the contrary. If the pledgor chooses to do so, we see no reason why he may not consent that the pledgee may buy at the public sale. In some cases it may be to his interest that this be done. Such consent may be given either at the time of making the pledge or at any subsequent time, without changing the form of the original contract and without consideration." Such we also understand to have been the general rule relating to foreclosure sales of pledged property, in the absence of a statute to the contrary. The rule is stated thus: "The law does not permit the pledgee to become a purchaser of the property pledged at his own sale. Such a purchase is contrary to the principle that forbids a party to purchase property when he has a duty to perform with reference to such property, which is inconsistent with the character of the purchaser." 22 Am. & Eng. Enc. Law, 891, and cases cited, especially Bryan v Baldwin. 52 N. Y. 232.

The object of such rule is apparent. It was to prevent the pledgee from obtaining an unconscionable advantage over the pledgor. A purchase by the pledgee is not void, but merely voidable at the election of the pledgor. It has accordingly been held that the latter may ratify such sale either expressly or impliedly by long acquiescence. 22 Am. & Eng. Enc. Law, 892, and cases cited; Winchester v. Joselyn, 31 Colo. 220, 72 Pac. 1079, 102 Am.

St. Rep. 30. But under the facts in the case at bar, there is no evidence of any express ratification, and we are satisfied that defendant cannot be held to have impliedly ratified the same. Furthermore, we do not understand that counsel for respondent makes any such contention. On the other hand, they concede that there might be much merit to appellant's contention upon this point, were it not for the provisions of section 6296 of the Revised Codes of 1905. This section provides: "Upon default being made in the payment of a debt secured by a lien upon personal property, such lien may be foreclosed upon the notice and in the manner provided for the foreclosure of mortgages upon personal property," etc. It is respondent's contention that the enactment of this section in 1905 worked an implied repeal of the sections heretofore mentioned, relating to the foreclosure of pledged property. This contention is based upon the assumption that these sections, in so far as they relate to the method of foreclosure, are inconsistent with and necessarily repugnant to the provisions of section 6296 aforesaid. In this we are unable to give our assent. The former sections deal specially with foreclosures of pledges, while the latter section deals generally with foreclosures of liens upon personal property. This being true, the enactment of the latter section does not effect a repeal of the former. The correct rule of construction in such cases is as follows: "It is an old and familiar rule that where there is in the same statute a particular enactment and also a general one, which in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative and the general enactment must be taken to affect only such cases within its general language as are not within the vision of the particular enactment. But this rule is subordinate to the principle, just stated, that statutes are to be so construed that, if possible, full effect shall be given to all parts thereof. This rule must be applied to ascertain wherein language which is specific necesarily comes in conflict with language which is general; and it is only when on such construction the repugnancy of specific provisions to the general language is plainly manifested that the intent of the legislature as declared in the general enacting part of the statute is superseded." 26 Am. & Eng. Enc. Law, 618, 619, and cases cited. "Repeals by implication are not favored, and will not be indulged unless it is manifest that the legislature so intended." 26 Am. & Eng. Enc. Law, 721, and cases cited. See,

also, 2 Current Law, 1734-1736, and recent authorities cited. A consideration of no little weight in favor of the construction of these statutory provisions as above stated is the fact that the Code commissioners who prepared and reported to the legislative assembly the Revised Codes of 1905, and which commission inserted section 6296, did not consider that said section repealed the other sections referred to, nor did the legislative assembly in enacting said codes so construe the same, for the section claimed to have been thus repealed were retained intact as they formerly existed.

It is therefore our duty, if possible, to harmonize said sections, to the end that the intent so apparent may be given effect. We accordingly hold that the sections of the Code heretofore referred to, and which relate to the foreclosure of a pledge, are and were on August 6, 1904, in full force and effect, and that such sale was therefore invalid as to the defendant, he not having ratified the same. Respondent's counsel do not contend that they have any right to recover in this action, except upon the theory that such foreclosure was valid.

It follows, therefore, from what we have above said that the judgment appealed from must be reversed, and the action dismissed, and it is so ordered. All concur.