### ELWOOD IRISH vs. GEORGE CLOYES & H. S. MORSE.

In trover the mere assertion of ownership of property without in any way interfering with the property, or with the owner's right to control it, is no evidence of a conversion.

A demand and refusal is such evidence of a conversion, in trover, as cannot be justified or removed, by showing a subsequent attachment or levy or a dis- tress made upon the same property and a sale upon plaintiff's debt, but this will go in mitigation of damages.

In proceedings in our supreme court upon bill of exceptions, if there be er- ror in the proceedings of the court below, although substantial justice may have been done, the party excepting is entitled to a new trial as a matter of right, and the court have no discretion to refuse it as they may and will in such cases, on petitions for new trials.

This being an action of trover for numerous articles of personal property, the only questions decided are upon the charge of the court below in relation to the evidence necessary to warrant the jury in finding a conversion in the case. The verdict was for the defendants, and the plaintiff among other things, excepted to the charge, in that part where the jury are instructed, that where a stranger applied to the defendants for their consent to purchase cer- tain property of plaintiff and the defendants refused to give this consent, saying that they had already purchased the property of plaintiff and were the owners, the fact being admitted that the property belonged to plaintiff and was in the keeping of defend- ants merely for custody, was not evidence from which the jury could infer a conversion of the property. And Secondly, the plaintiff excepted to the charge because the jury were instructed, that when the defendants had certain property of the plaintiff in their possession for mere custody, and "*refused to give it up*" on request, without assigning, at the time, or pretending to have found at the trial any excuse for refusal, but soon afterwards, without the

consent of the plaintiff, turned the same property out to a constable who levied upon the same as plaintiff's, and after having adjourned the time of sale at plaintiff's request, finally sold the same, that this was not evidence from which the jury could infer a conversion of the property by defendants. These questions only have been decided by the court.

CHITTENDEN,
January,
1836.

Irish
vs
Cloyes & Morse.

*Mr. Briggs for plaintaiff.*

*Mr. Marsh for defendants.*

The opinion of the court was delivered by

REDFIELD, J.—In relation to the first point decided by the court here, the question arose in reference to certain *"mill logs,"* which were on the land, conveyed by plaintiff to defendants. There was evidence in the case, that the plaintiff had also sold this lumber to defendants. But this point being controverted, it became necessary to inquire whether any sufficient evidence of a conversion by defendants had been given. The only evidence relied upon was, that after the conveyance of the land, some stranger wishing to purchase the logs, applied to defendants for permission to purchase them of plaintiff. The defendants refused to give any such permission or consent, on the alleged ground that they had already bought the logs of plaintiff. The case finds that the defendants had not in any other way whatever interfered with the property in question.

For the purposes of the consideration of this question it is to be conceded that the "logs" were the property of the plaintiff. And we have no doubt that the mere assertion by defendants, that the property belonged to them, is not in any sense evidence of a conversion, or from which a conversion can be inferred.

If this assertion had been made in plaintiff's presence and at a time when he claimed to take possession of the logs, and for the purpose of detering him therefrom, it might merit a different consideration. But made as it was to a stranger, and not in the presence of plaintiff, or within view of the logs, it would be too much to say th s is evidence from which the jury could be permitted to infer a conversion of the property by defendants.

This is in accordance with the decisions which have been had upon analagous cases. Any mere assertion of the *right* of dominion, is never permitted to go to the jury, in cases of trover, as evidence of a conversion, unless the assertion is made in view of the property, and in presence of the owner, and in order to deter him from exercising his just control over it.

CHITTENDEN,
January,
1836.

Irish
vs.
Cloyes & Morse.

A demand and refusal are evidence of a conversion only when the defendant had, *at the time of the demand*, the actual custody of the property, so that he might have delivered it if he would. Hence in the case of title deeds, which had been, wrongfully pledged to an attorney but were in the custody of the attorney, it was held at *nisi prius*, and the decision has always been acquiesced in, that a demand upon the defendant and a refusal, under the circumstances, was not evidence of a conversion.—1 Com. 439, *Smith vs. Young.*

And a false assertion by a carrier that he had delivered the goods, does not amount to a conversion.—*Attersol vs. Briant,* 1 Com. 409.

And in every case where a demand and refusal is permitted to go to the jury as evidence of a conversion, it must be preceded by evidence that the goods are in defendant's possession, or what is equivalent, in the possession of his servant, with his knowledge or by his consent, either express or implied.—Buller's N. P. 44— Cited 3 Stark. Evidence, 1497, and also 2 Salkeld 441.

The other question raised by the counsel, is one which merits much consideration. For the question is one of a very nice character. The case shows that in regard to a harness and some old iron, which belonged to plaintiff, and were merely put into the defendants' hands for safe keeping, they absolutely refused to "give them up." Here was a demand and an unqualified refusal, and it is admitted the goods were in actual custody of defendants, and they might have surrendered them if they would. A demand and refusal under such circumstances unexplained, has alwas been held full *evidence* of a conversion. A demand and refusal is not in itself ever a conversion. Such an opinion is advanced in some of the old cases, *(Baldwin vs. Cole,* 6 Mod. 202) but has not been held to be law for many years.—1 T. R. 478, *et cetera.*— But the distinction is immaterial, for courts always charge the jury that such evidence unexplained, is satisfactory evidence of a conversion. But how may the evidence be obviated.

It may be shown that the refusal was qualified at the time, *as in* case of goods found, by saying he did not know whether the plaintiff were the owner ; ar in any other manner which manifests an intention not to put the goods to defendants use. The refusal in this case was not so qualified. But it was shown in this case that some days after the demand and refusal, and before suit was brought, the defendant being inquired of by a tax-collector for plaintiff's property, showed this, upon which the collector made distress, and

CHITTENDEN,
January,
1836.

Irish
vs.
Cloyes&Morse.

after several adjournments of the time of sale at plaintiff's requests, sold and applied the avails upon the bills of taxes against plaintiff. This being wholly subsequent to the refusal, could in no sense tend to qualify it. If the plaintiff had brought his suit immediately after the refusal, his right of action to recover the value of the property would have been complete.

The subsequent application of the property even without the consent of the plaintiff would clearly go in mitigation of damages. But we are not prepared to say that it has any tendency to explain the refusal of the defendants. It is purely a second thought. And the court cannot perceive, how this distress and sale, even although the plaintiff did request the sale to be adjourned, has any tendency to show that plaintiff intended to waive his claim for damages against defendants. Had plaintiff accepted the goods from defendants, there would have been some reason to contend he accepted them in *satisfaction* of the claim for damages, and that this should be construed a *waiver* of all previous claim for damages. This would perhaps have been the most rational doctrine. But the cases all show that such evidence only goes in mitigation of damages, and does not defeat the right of recovery.—3 Stark. Evidence 1506—Buller's N. P. 46—4 N. H. Cases 338 *Baron vs. Davis.*

But how it could be contended that the plaintiff's request of the officer, not to sacrifice the property or for delay for any other purpose, shall be construed a *waiver* of all right of recovery, although until that time a perfect right of action existed, is more than can well be comprehended. This application of the property to plaintiff's use should go in *mitigation* of damages and can go no further.

. If this distress could go to defeat the action, then also would a tender after the refusal to surrender the property. And some cases are refered to in support of this proposition. But they are cases which have not yet been published in America, being found in 1 Moore & Scott. This proposition does not seem to be founded upon any sufficient reason. A tender, as such, is not admitted in an action of tort, however reasonable such a doctrine might seem in many cases. After a right of action *in tort* has once accrued, it is not in the power of the delinquent party to exonerate himself from the liability, unless by the consent of the party aggrieved, until the matter is regularly adjudicated. Why in this case an exception should obtain, it is not easy to see. True a demand and refusal does not show a conversion *in fact*, but it is plenary evi-

CHITTENDEN
January,
1836.

Irish
vs.
Cloyes&Morse.
dence of the fact of a conversion having been committed and un-
explained, is *equivalent* to a *conversion*. It is the same then as
to the effect of a subsequent tender of amends, by restoring the
chattel, whether he has *used, abused,* or refused to surrender the
property on request. In the former case the property may be
more injured ; in the latter case the plaintiff may have suffered
great loss in being deprived of the use. It is apparent, that a re-
delivery of the property will not be a full satisfaction of the dam-
age sustained in either case supposed. In reason, it ought to go
only in mitigation of damages. It is well for the defendant that
by this process of compulsory application of the property to plain-
tiffs' use, he can exonerate himself from a claim for damages to
the full extent.

It was contended, that as the plaintiff's claim for damages must
be merely nominal, the court will not grant a new trial where sub-
stantial justice has been done. Such is the rule in regard to new
trials. And when the application is to the same court, who tried
the case, or to a higher court, to set aside the verdict and for a new
trial, and this addressed to the discretion of the court, as is com-
mon in New York and in the English practice, a *venire de novo*
will never be awarded for any new circumstantial error or defect
in the proceedings. But our trial in this court, *on exceptions*, is
the same in all respects, except in form, as if it were on "writ of
error." And we have only to pronounce whether there be error
in the court below ; if so, we have no discretion, and a new trial
follows of course.

Judgment of county court reversed and new trial granted.