### BINDER v. WLASKOLIN.

1. LANDLORD AND TENANT—ESTOPPEL.

In an action for the rent of premises which the tenant had vacated, his contention that the landlord is estopped from claiming rent because of his claim in summary proceedings that the tenant had no lease, is without merit, where the court in that action held that the tenant was legally entitled to hold under his lease for a second year.[1]

2. SLANDER OF TITLE—LANDLORD AND TENANT—MALICE.

Where a landlord honestly believed that his tenant's lease expired at the end of the first year, and so stated to a prospective purchaser of the tenant's business, which prevented the sale, he is not liable, in an action for slander of title, although the court held that the tenant was entitled to retain the premises for another year, since said action must be grounded in malice.[2]

Error to Wayne; Brennan (Vincent M.), J. Submitted April 29, 1926. (Docket No. 171.) Decided June 7, 1926.

[1]Estoppel, 21 C. J. § 227; [2]Libel and Slander, 37 C. J. § 598.

Assumpsit by Bernard J. Binder and another against Zivon Wlaskolin for rent.    Defendant filed a cross-declaration for damages for an alleged slander of title. Judgment for plaintiffs on a directed verdict.    Defendant brings error.    Affirmed.

*Ira J. Pettiford,* for appellant.

*Munro & Powell (Leo F. Covey,* of counsel), for appellees.

SHARPE, J.    On June 16, 1919, plaintiff leased certain premises to the defendant "for the term of one year with preference for another year."    At the expiration of the year, defendant did not vacate and plaintiffs began summary proceedings to recover possession.    The result in the commissioner's court is not disclosed by the record.    On appeal to the circuit court, a verdict was directed for the defendant.    Defendant had in the meantime vacated the premises. On August 2, 1921, plaintiffs commenced this suit to recover the rent for the second year.    Defendant pleaded an estoppel and by cross-declaration, hereafter particularly referred to, sought to recover damages.    The trial court directed a verdict for plaintiffs for $570, the amount of the rent due under the terms of the lease.    He submitted defendant's claim under his cross-declaration to the jury.    They found for the plaintiffs.    Defendant reviews the judgment entered on the verdict by writ of error.

1. Estoppel.    Defendant's claim of estoppel is based on plaintiffs' claim in the commissioner's and circuit courts that defendant had no lease of the premises and was not entitled to the possession thereof.    The court found against plaintiffs.    It held that defendant was lawfully entitled to hold under his lease for the second year.    The rights of the parties under the

lease became thereby fixed, and plaintiffs were entitled to recover the second year's rental from the defendant. Their mistake as to their legal rights in no way estopped them from enforcing payment thereof. *Smith* v. *Sprague,* 119 Mich. 148 (75 Am. St. Rep. 384) ; *Sheffield Car Co.* v. *Hydraulic Co.,* 171 Mich. 423, 451.

2. Defendant's cross-declaration. The averments thereof state, in brief, that just before the first year of defendant's occupancy had expired he had an opportunity to sell the soft drink and lunch business he was conducting on the premises and that, on the prospective purchaser's inquiry of plaintiffs as to defendant's rights under his lease, they fraudulently represented to her that the lease would terminate at the end of the first year, and that they thereby induced and persuaded the prospective purchaser to desist from buying defendant's business, by reason whereof defendant sustained damage in the sum of more than $1,500. To maintain this claim, defendant called the prospective purchaser, who testified that she asked Mr. Binder about the lease and he said, in effect, that it would expire at the end of the first year.

There is nothing to indicate that Mr. Binder did not so state in good faith. That he honestly believed that what he said was true is clearly indicated by the proceedings taken by him to recover possession. An action for slander of title must be grounded on malice. *Walkley* v. *Bostwick,* 49 Mich. 374.

In *Harrison* v. *Howe,* 109 Mich. 476, the following from Newell on Defamation, 206, was quoted approvingly:

"The mere fact that a person asserts a claim to the property which is unfounded does not warrant a presumption of malice."

No actionable fraud was established.

Plaintiffs' motion for a directed verdict as to de-

fendant's claim should have been granted.    It is therefore unnecessary to consider the errors assigned on the charge to the jury.

The judgment is affirmed.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.