BULLEN *v.* WAKEFIELD CRUSHED STONE CO.

1. TRIAL—TESTIMONY MUST BE CONSIDERED MOST FAVORABLE TO PLAINTIFF UPON DEFENDANT'S MOTION FOR DIRECTED VERDICT.

Upon a motion to direct a verdict for defendant, the testimony most favorable to plaintiff, and all of it, must be accepted, and the fact that one witness did not make plaintiff's case in its entirety does not require rejection of his testimony.[1]

2. MASTER AND SERVANT—QUESTION FOR JURY.

In an action for personal injuries caused by an unguarded trench cut across the path leading to plaintiff's house, whether the men doing the work were employees of defendant or independent contractors, *held*, under the evidence, a question of fact for the jury.[2]

3. ESTOPPEL—ADMISSIONS—EVIDENCE.

Defendant's answer and testimony in prior injunction suit admitting that the men doing certain construction work were its employees, were admissible in evidence, although defendant was not thereby estopped from showing the contrary.[3]

4. EVIDENCE — MORTALITY TABLES ADMISSIBLE WHERE INJURIES PERMANENT.

Where the doctors testified that plaintiff's injuries were permanent, the mortality tables were admissible, although they also testified that his condition would improve with time.[4]

Error to Gogebic; Driscoll (George O.), J.     Submitted April 9, 1926.     (Docket No. 61.)     Decided June 7, 1926.

Case by Evan Bullen against the Wakefield Crushed Stone Company and another for personal injuries.

[1]Trial, 38 Cyc. pp. 1565, 1576; [2]Master and Servant, 39 C. J. §§ 1592, 1595; [3]Estoppel, 21 C. J. §§ 239, 241, 513; [4]Evidence, 22 C. J. § 1129 (Anno).

Admissibility of mortality tables in evidence, see notes in 40 L. R. A. 553; L. R. A. 1918C, 1071.

Judgment for plaintiff against defendant stone company. It brings error. Affirmed.

*William S. Baird,* for appellant.

*Edward W. Massie* (*B. H. T. Burritt,* of counsel), for appellee.

FELLOWS, J. Defendant stone company operates at Wakefield, in Gogebic county. Desiring better shipping facilities, it arranged for a side track into its plant from the line of the railroad company. The side track was to be and was constructed at the side of the highway known as M-28, upon which highway plaintiff's home fronts. The work of installation required blasting of rock, excavating and trenching. As the work progressed a trench was cut across the pathway leading into plaintiff's house; it was left unguarded and unlighted, and in the evening, after it had grown dark, plaintiff, not knowing of its existence, and when coming into the street from his home, fell into it and received serious injuries. The case proceeded against the stone company alone. Under its plea it gave notice that the work was being done by John Hanson, Ole Hanson, Andrew Johnson, and Erick Hellsten, doing business under the name of John Hanson & Company, independent contractors, for whose negligence it denied liability.

The assignments of error grow out of the defense under the notice. It was insisted in the court below by defendant, as it is here, that the trial judge should have directed a verdict for defendant because the men who did the work were independent contractors, and that the testimony introduced on behalf of plaintiff did not establish, and had no tendency to establish, that they were employees and agents of defendant, and, therefore, should not have been received. Plaintiff,

on the other hand, insists that his testimony establishes the relation of employer and employee at least sufficiently to take that question to the jury, and if his testimony did have a tendency to establish such relation, which he claims it did, it was properly received and its credit was for the jury.    Some of the witnesses gave testimony of little probative value, not sufficient, standing alone, to make plaintiff's case, but, upon a motion to direct a verdict for defendant, the testimony most favorable to plaintiff, and all of it, must be accepted, and the fact that one witness did not make plaintiff's case in its entirety did not require the rejection of his testimony, where, coupled with other testimony, it had a tendency to establish plaintiff's case.    A party is not required to make his case by a single witness, and frequently the strongest cases are made by dovetailing together bits of testimony found here and there in the record, some bits appearing inconsequential, considered alone, but, when considered with other facts, bring conviction to the mind of the average juror.    We are satisfied the testimony was sufficient to take the question to the jury, and that no prejudicial error was committed in admitting any of it.

We shall not quote at length from the testimony nor undertake a resumé of it all.    We shall, however, state sufficient of it to show that a jury question was presented.    One Niemala owned a home adjoining that of plaintiff.    After the work of putting in the side track commenced, he filed a bill against the railroad company, the stone company, and Ole Hanson and Andrew Johnson, two of the men who were doing the work, and who are now claiming to have been independent contractors, to restrain the further prosecution of the work, in which he alleged:

"that the defendants Ole Hanson and Andrew Johnson are agents and employees of the said defendant

Chicago & Northwestern Railway Company and the Wakefield Crushed Stone Company engaged in constructing a railroad right-of-way adjacent to plaintiff's said premises, as hereinafter more fully described."

In the stone company's answer it admitted:

*   *   *   "that the defendants Ole Hanson and Andrew Johnson are employees of said Wakefield Crushed Stone Company."

And upon the hearing of that case Mr. Peters, president of the stone company, testified:

"Q. Niemala stopped you from drilling there?
"A. He stopped the men, I think.
"Q. The men were working for you?
"A. Yes.
"Q. Under your direction?
"A. Yes."

It is insisted that this was inadmissible, as the parties were not the same, and that defendant is not in this case bound by it.   Doubtless defendant was not estopped by it from showing the contrary; it was permitted so to do on the trial of this case, but it should be given the same effect an extrajudicial admission would be given, and, when given such effect, it tended to support plaintiff's claim.   There was testimony that the men stopped work when Joseph Rowell told them to, and commenced work when he told them to, and there was testimony tending to show that Rowell was "superintendent of the work of the Wakefield Crushed Stone Company," and that he was the "boss."   Defendant's testimony on this subject might be quite persuasive if we were triers of the facts, but we can not say that there is no testimony tending to show that the men engaged in the work were employees of the defendant.

Defendant also insists that the mortality tables were improperly received.   It is true both doctors called

by plaintiff testified that his condition would improve, that he would be better as time goes on than he was at the time of the trial, but both of them testified that his injuries were permanent.    The tables were admissible.

We have disposed of the case on the record before us, and the theory upon which it was tried in the court below.    By so doing we have not overlooked the recent case of *Olah* v. *Katz*, 234 Mich. 112, decided since this case was tried, in which it was held (quoting from the syllabus) :

"The rule that one who has contracted with a competent person to do a work within the scope of his independent employment is not answerable for the negligent acts of such contractor or of his agents in the performance of the contract, is subject to the exception that immunity from responsibility may not be claimed when the work to be done is of such character that it necessarily subjects third persons to unusual danger."

Upon this record defendant has no cause for complaint.

The judgment will be affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.