LEDGER *v.* NORTHWESTERN MUTUAL LIFE INSURANCE CO.

1. Death—Presumption from Absence—Rebuttal.
    Statutory presumption of death after unexplained absence of
    seven years is based on generally accepted fact that normal
    person will not, if alive, remain away from home for seven
    years without communicating with his family or friends; but
    it is rebuttable presumption (3 Comp. Laws 1929, § 13467).

2. Same—Facts to be Considered.
    In determining whether presumption of death exists after ab-
    sence of seven years, court must consider facts and circum-
    stances surrounding disappearance of absentee, showing or
    negativing probability that he would have made his where-
    abouts known to his family if he had been alive.

3. Same—Estoppel—Issue of Fact—Rebuttal.
    Wife of insured, who has been absent and unheard from for
    more than seven years, is not estopped from maintaining
    action on policy, on presumption of his death, by fact that
    she instituted suit for divorce from him two years after his
    disappearance, alleging that he was drunkard and gambler
    and cruel to his family, but issue of fact is thus raised on
    question of his relation to his family and whether his failure
    to return home is thus accounted for.

4. Same—Evidence—Admission—Divorce.
    In wife's action on husband's life insurance policy, on pre-
    sumption of his death after absence of seven years, fact
    that she filed bill for divorce two years after his disappear-
    ance may be considered as admission that she then believed
    him to be alive.

5. Same—Evidence—Presumption—Rebuttal.
    That insured husband was drunkard and gambler and cruel to
    his family would not prevent presumption of his death aris-
    ing under statute, after absence of seven years, but should
    be considered in rebuttal of presumption.

---

As to presumption of insured's death before lapse of seven
years from his disappearance, see annotation in 34 A. L. R. 1389.

6. WITNESSES—DEATH—PRESUMPTION—REBUTTAL.

Where wife testified falsely either in prior suit for divorce or on trial of her present action on husband's insurance policy, her testimony in support of presumption of his death after absence of seven years should not be given credit unless corroborated.

7. DEATH—PRESUMPTION—EVIDENCE—SUFFICIENCY.

In wife's action on husband's life insurance policy, on presumption of his death after absence of seven years, evidence *held,* sufficient to support finding sustaining presumption of death.

8. APPEAL AND ERROR—ISSUE OF FACT.

Trial court's finding on issue of fact, supported by evidence, should not be disturbed, on appeal.

9. INSURANCE—DEATH—CAUSE OF ACTION—INTEREST.

In entering judgment in wife's action on husband's life insurance policy, on presumption of his death from absence, interest should be allowed only from expiration of seven-year period, not from date of disappearance, since cause of action did not arise until expiration of statutory period.

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted January 22, 1932. (Docket No. 50, Calendar No. 36,100.)   Decided April 4, 1932.

Assumpsit by Mollie Ledger, as beneficiary, against the Northwestern Mutual Life Insurance Company, a foreign corporation, under a life insurance policy. Judgment for plaintiff. Defendant appeals. Modified and affirmed.

*Kuschinski & Kuschinski,* for plaintiff.

*Joslyn, Joslyn & Joslyn,* for defendant.

McDONALD, J. The plaintiff is the beneficiary in an insurance policy for $1,000 issued by the defendant company upon the life of her husband, Joseph Ledger, on December 23, 1916. Premiums were paid

on the policy from that date until December 28, 1920. At that time, because of the nonpayment of the premium due, it was converted into a term policy for $1,012 expiring May 20, 1934. The insured suddenly disappeared from his home in the city of Detroit, Michigan, on July 27, 1920, and from that day to this no tidings of him have been received by members of his family or any other persons most likely to hear from him. On the theory that he was legally dead because of seven years' absence, the beneficiary applied to the defendant for payment of the insurance. Payment was refused, and this suit was begun. Trial was had before the court without a jury. Findings were filed in which it was determined that the insured was dead on July 27, 1927, and that death occurred at the time of his disappearance on July 31, 1920. Judgment was entered for the amount of the policy. The defendant has appealed.

The statute allowing a presumption of death after a disappearance and absence for seven years is as follows:

"If any person shall disappear and his whereabouts remain unknown for the space of seven years and no knowledge of such person can be procured in such space of seven years, he shall be presumed to be dead." 3 Comp. Laws 1929, § 13467.

This presumption of death is based on the generally accepted fact that a normal person will not, if alive, remain away from his home for a period of seven years without communicating with his family or friends. But it is a rebuttable presumption. There may be some reason other than death for his silence and failure to return to his family. So, in determining whether a presumption of death exists in this case, we must consider the facts and circumstances surrounding the disappearance of the in-

sured, the condition of his financial affairs, his domestic relations, and any other fact showing or negativing a probability that he would have made his whereabouts known to his family during the seven-year period if he had been alive.

It conclusively appears from the evidence that Mr. Ledger left his home in Detroit on a business trip to Cincinnati on July 23, 1920. A few days later, Mrs. Ledger received the following postal card which was shown to be in his handwriting:

"Cinai., July 27, 1920. Dear Mollie: I will not be home till Saturday morning. I am getting two more machines to sell. Regards from all to all. Jos."

Since the receipt of this postal card, nothing has been heard from him or of him. Mrs. Ledger notified his parents and relatives, who live in Philadelphia. She also notified the defendant company of his disappearance. All parties made an extended search to discover his whereabouts. No trace of him could be found. He left his wife, the plaintiff, and their two boys in his Detroit home. She testified that they lived pleasantly and happily together, and could give no reason for his disappearance.

The defendant presents another side to the picture. It claims that the insured was a drunkard and a gambler; that he ill-treated his wife and was not on good terms with his family when he disappeared; and therefore, if alive, it is not probable that he would communicate with them or let them know of his whereabouts. This claim is based on the fact that, about two years after Mr. Ledger's disappearance, the plaintiff filed a bill for divorce in the Wayne circuit court on the grounds of extreme cruelty and nonsupport. It was alleged that he drank heavily of intoxicating liquors; that he was

constantly intoxicated; that he was an habitual gambler; that on one occasion she gave him money to buy a suit of clothes and that he spent it in gambling; that he had drinking parties at their home; that he called her vile and indecent names and refused to work and support his family. On her testimony in support of these charges, she was given a decree for divorce. In obtaining an order of publication for substituted service, she filed an affidavit in which she claimed that his last known place of residence was 28 Gilsey avenue, Cincinnati, Ohio.

It is the contention of the defendant, as stated in its brief, that:

, "Plaintiff is bound by her sworn statements in the bill of complaint and by her testimony in the divorce proceedings, and is absolutely estopped from proving a different state of facts in this case."

There is no merit in this claim of estoppel. *Butler v. Supreme Court, I. O. F.*, 53 Wash. 118 (101 Pac. 481, 26 L. R. A. [N. S.] 293).

The fact of filing a bill for divorce two years after his disappearance may be considered as an admission that she then believed him to be alive. The fact that he was a drunkard and a gambler and cruel to his family as alleged in her bill for divorce and testified to by her in order to obtain a decree, does not prevent a presumption of death from arising under the statute, but may properly be considered in rebuttal of the presumption. It creates an issue of fact on the question of the insured's relation to his family, and may account for the concealment of his whereabouts and for his failure to return home. The plaintiff's testimony on this question should not be given any credit unless it is corroborated by other reliable testimony and by the facts and circum-

stances attending her husband's disappearance. She testified falsely either in the divorce proceedings or on this trial. We think it was in the divorce proceedings. Her testimony here is supported by that of her son, who seems to be an honest witness. It is also supported by circumstances surrounding her husband's disappearance. He left home on a business trip. He sent her a postal card announcing the time of his return. The substance of the card as well as the fact of his sending it shows a consideration for his family which belies the claim that he was not on friendly terms with them and did not wish to return. The trial court's finding on this question is supported by the evidence and should not be disturbed. *Griffin* v. *Northwestern Mut. Life Ins. Co.,* 250 Mich. 185.

In entering judgment, the plaintiff was allowed interest from the date of disappearance. This was an error. Her cause of action did not accrue until the expiration of the statutory seven-year period, on July 27, 1927. She is entitled to interest from that date.

With this modification, the judgment is affirmed.

CLARK, C. J., and POTTER, SHARPE, NORTH, and FEAD, JJ., concurred with McDONALD, J. WIEST and BUTZEL, JJ., concurred in the result.