B. E. HALL et al., Executors, Appellees, v. MERCHANTS STATE BANK, Appellant.

**TROVER AND CONVERSION:** Conversion—Elements—Taking Bill of Sale. The *naked* act of a person in taking a bill of sale of property already covered by a landlord's lien does not, as regards the landlord, constitute a *conversion* of the property.

Headnote 1:    36 C. J. p. 513.

*Appeal from Woodbury District Court.*—C. C. HAMILTON,
Judge.

FEBRUARY 17, 1925.

ACTION in conversion. The court submitted the case to the
jury, which returned a verdict in favor of the plaintiffs, and
the defendant appeals.—*Reversed.*

*E. C. Logan* and *Jepson, Struble, Anderson & Sifford,* for
appellant.

*Henderson, Fribourg & Hatfield,* for appellees.

FAVILLE, C. J.—I. Appellees entered into a written lease
with one Conklin for certain lands in Woodbury County, for
a term of three years commencing March 1, 1918. By the terms
of the lease the tenant was to pay a yearly cash rental for said
premises. Appellant held chattel mortgages upon the personal
property of the tenant. In December, 1920, the tenant and his
wife executed to appellant a bill of sale upon all of the property
owned and held by the tenant upon the leased premises. Sub-
sequently, the son of the tenant shipped certain hogs from the
leased premises to Sioux City. It appears that the hogs were
shipped to the firm of Clay Robinson Company, and under the
instructions of the son, a remittance of the proceeds was made
to appellant, where the funds were credited to the account of the
tenant, who subsequently checked out a portion of the same for
his own use, and gave to appellant a check for a portion of said
funds, which was applied upon the indebtedness of the tenant
to appellant. A substantial portion of the rental due to appel-
lees being unpaid, this action is brought against appellant in
conversion, to recover the value of the hogs so sold.

II. The proposition before us resolves itself into the one
question as to whether or not the taking of the bill of sale by
appellant from the tenant constituted a conversion of the prop-
erty *ipso facto.*

The appellant had chattel mortgages on the personal prop-
erty of the tenant. No question is urged but that such chattel

mortgages were subject to appellees' landlord's lien on the property. Appellant took the bill of sale before the lease expired. The bill of sale contained the following recital:

"It being understood and agreed by all parties hereto that this bill of sale is given by the grantors for the purpose and with the intention of turning over to the mortgagee all of said described property in order to save the expense of foreclosure of said chattel mortgages and other expense."

Appellees thus state the question:

"It is our contention that the taking of this bill of sale by the appellant in itself constituted a conversion, and, having converted the property upon which the appellees had a lien, which was prior to any lien of appellant derived from the chattel mortgages, appellant is liable to appellees for the reasonable value of all the property converted upon which appellees' lien is superior. * * * The only question is whether or not it was converted by appellant by the acceptance of the bill of sale from the tenant."

Did the taking of such bill of sale, without more, constitute a conversion of the property for which appellant is liable to appellees?

Many definitions of conversion are to be found in the books. See 2 Words & Phrases 1562; 1 Words & Phrases (2d Ser.) 1030. In *Brown v. Dubuque Altar Mfg. Co.*, 163 Iowa 343, we quoted from 2 Cooley on Torts (3d Ed.) 859, as follows:

"Any distinct act of dominion, wrongfully exerted over one's property, in denial of his right or inconsistent with it, is a conversion. 'The action of trover being founded on a conjoint right of property and possession, any act of the defendant which negatives or is inconsistent with such right amounts in law to a conversion. It is not necessary to a conversion that there should be a manual taking of the thing in question by the defendant; it is not necessary that it should be shown that he has applied it to his own use. Does he exercise a dominion over it in exclusion or in defiance of the plaintiff's right? If he does, that is in law a conversion, be it for his own or for another person's use.' "

See, also, *Cutter v. Fanning*, 2 Iowa 580; *Reizenstein v.*

*Marquardt,* 75 Iowa 294; *Iowa Farm Credits Co. v. Peoples Sav. Bank,* 196 Iowa 967.

The precise question here presented does not appear to have heretofore been before this court.

In *Davis v. Buffum,* 51 Me. 160, the defendant leased a sawmill to parties who placed machinery therein. The lessees assigned the lease and sold the machinery to the plaintiffs, who took possession. During the occupation, the defendant deeded the mill and all appurtenances to third parties. The plaintiffs subsequently left the premises, and sued the defendant for conversion of the machinery. The court said:

"This being an action of trover, the only question presented is whether the plaintiffs have shown an act of conversion on the part of the defendant. The plaintiffs claim to recover on the ground that the defendant's deed to Dane and Perkins was *per se* a conversion—before the expiration of his lease. But this is not so. When that deed was executed, the plaintiffs were in the undisturbed enjoyment of their property, and so remained during the whole duration of the lease. The deed of the defendant conveyed nothing he did not own; certainly not to grantees with notice of all the facts. The giving a bill of personal property in the possession of a third person, who is the owner of the same, without any other interference therewith or delivery thereof, is not, as against such owner, a conversion by either the person giving or receiving such bill of sale. In *Fuller v. Taber,* 39 Maine 519, the plaintiff brought an action of trover for a building, which had been placed on the land of another by his precedent consent, or subsequent assent. The defendant, when a demand was made, said he had bought it and paid for it. The court instructed the jury that taking a quitclaim deed of the land and building and putting it on record would not *of itself* constitute a conversion on the part of the individual so receiving the deed. Neither can the mere giving a deed of land leased, the lessee continuing in quiet possession, be deemed a conversion of fixtures which the tenant has the right to remove during his term. The lease was as valid after as before the deed. The rights of the lessee remained the same. The deed was no more a conversion of the tenant's fixtures than it was a breach of the covenants of the lease. The mere taking a mortgage

of personal property from one having no title and recording the same, without taking possession of the mortgaged property or interfering with the same, constitutes no conversion for which trover will lie.''

In *Dean v. Cushman,* 95 Maine 454, a mortgagor of chattels sold the same to a good-faith purchaser, without notice, who exercised no dominion or control over them. In that case, the chattel was hay, which had been placed in the purchaser's barn. The court said:

''But although the mortgagor was clearly guilty of a conversion by the sale and removal of the hay, it does not necessarily follow that the purchaser would be likewise guilty. Taking all inferences as strongly as possible against the defendant, it appears that, besides the purchase and payment, the only other act for which the purchaser could in any way be responsible was the delivery of the hay into his barn by the mortgagor. It may be inferrible that this delivery was made in pursuance of the contract of sale, to which the defendant was a party. But the defendant had not sold, used, or abused the hay. He had resisted no claim of the plaintiff. He had exercised no actual dominion over the hay as against the plaintiff, or in denial of his right. The plaintiff was not in possession; therefore his possession was not interrupted. * * * We hold that one who purchases in good faith, without actual notice, mortgaged chattels of the mortgagor in possession, if he has merely received the goods into his own possession, and has exercised no other dominion or control over them to the exclusion of the mortgagee or in defiance of his rights, is not liable for a conversion, without demand or refusal.''

In *Thorp v. Robbins,* 68 Vt. 53 (33 Atl. 896), the court said:

''How can it be said that the defendant has converted the property when the plaintiff has had the exclusive and uninterrupted possession, as against the defendant and the purchaser, and the defendant and purchaser have exercised no acts of ownership or control over it? The case is not like cases cited and relied upon by the plaintiff, where it has been held that a sale is a conversion. In those cases, the contract of sale was consummated by a delivery of the property. A conversion, in the sense of the law of trover, is an unauthorized dealing with the

goods of another by one in possession, whereby the nature or quality of the goods is essentially altered, or by which one having the right of possession is deprived of all substantial use of the goods, permanently or temporary. 15 Am. Law Rev. 363. Conversion is any unauthorized act which deprives another of his property, either permanently or for an indefinite time. *Hiort v. Bott,* 9 L. R. Exch. 86. Conversion is the turning or applying the property of another to one's own use. Bouvier's Law Dict. In the sense of the law of trover, a conversion consists either in the appropriation of the property to the party's own use, benefit, and enjoyment, or in its destruction, or in exercising dominion over it in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff under a claim of title. Kellogg, J., in *Tinker v. Morrill,* 39 Vt. 480. The mere assertion of ownership of property, without in any way interfering with it or the owner's right to control it, is no evidence of a conversion. * * * The findings do not show any interference with the property by the defendant or the purchaser that in any way affected the rights of the plaintiff; therefore, no conversion is shown, and the action of trover cannot be maintained.''

In *Parker v. Middlebrook,* 24 Conn. 207, the court said:

''The action was trover, the gravamen of which is the conversion of the property, for which it is brought. But a conversion is a wrongful or tortious act; and a mere purchase from a party in possession, who is the apparent owner, made in good faith, and in the regular course of business, is not a conversion against the lawful owner. Such a purchaser cannot be in a worse condition than the finder of a chattel which has been casually lost; and it ought, at least, to be shown that he has assumed dominion over the property, after the title of the lawful owner has been made known to him, which is usually evidenced by showing a demand of it by the owner, and a refusal to deliver it up.''

The foregoing cases illustrate the tendency of the holdings of the courts.

We are of the opinion that the mere taking of the bill of sale of the property, without the taking of possession, or the exercise of dominion over the same, or the doing of any act

thereunder that interfered with the full enforcement and exercise of appellees' lien, did not constitute, in law, a conversion of the property; and we so hold.

It follows that the trial court erred in submitting to the jury the question of the conversion of the hogs, on the theory that the execution of the bill of sale constituted a conversion.

III.    In view of our holding on the foregoing question, other matters urged by appellant are immaterial to a determination of the appeal, and a new trial must be had.

Appellant's abstract is without any index, as required by our rules.  The work of the court has been seriously handicapped by the additional labor and inconvenience put upon it by this disregard of an important rule.  The cost of printing appellant's abstract will be taxed to the appellant.

The judgment of the district court for the amount found by the jury, in answer to a special interrogatory, to be the value of the hogs is—*Reversed.*

EVANS, ARTHUR, and ALBERT, JJ., concur.