RICHSTEIN, Respondent, v. ROESCH, Appellant

(25 N. W.2d 558)

(File No. 8763. Opinion filed December 28, 1946.)

452

**P. P. Maloney and E. B. Harkin,** both of Aberdeen, for defendant and Appellant.

**Elmer Thurow** and **Vernon Williams,** both of Aberdeen, for plaintiff and Respondent.

ROBERTS, J. This is an action to recover damages for the wrongful conversion of a caterpillar tractor. There was a verdict for the plaintiff. Defendant appeals.

On appeal defendant asserts (1) that the court erred in directing in its instructions a verdict on the issue of conversion; (2) that the trial court exceeded its authority in the pre-trial proceedings; and (3) that there was prejudicial error committed by the trial judge in communicating with the jurors after the case had been submitted to them and without notice to or the consent of the parties or their counsel.

That part of the instructions complained of is as follows: "It is the opinion of this court that the mechanics lien statement which was filed was entirely void and illegal; that the foreclosure proceedings were also void and illegal; that as a matter of law the defendant Roesch is liable to the plaintiff Richstein for the fair market value of the caterpillar tractor on January 15, 1943, and that the only issue for you to decide in this case is the value of the said tractor on that date."

Defendant introduced in evidence a copy of a statement and notice of a lien filed in the office of the register of deeds of Marshall county reciting that defendant furnished labor and materials in the repair of a caterpillar tractor owned by

David Richstein, the plaintiff herein. It appears from the notice that there was due to the defendant $17.71. This included charges for gasoline and oil and a clutch plate. There was also introduced in evidence an assignment of the purported lien by the defendant to Leo T. Butler and a report of a foreclosure sale wherein it appears that the tractor was sold at such sale to one Harold Thayer for $51. Butler testified: "I purchased the account. My records show that the assignment of the lien was made on the 17th day of January. After this transcation I had nothing further to do with the defendant in regard to the account or the mechanic's lien or the assignment. My attention is called to the fact that the foreclosure is in the name of E. Mickelson, agent for Jake Roesch Implement Company. I don't know whether I or my attorney prepared this notice of sale. I had no authority to foreclosure in their name and no authorization from the defendant, Jake Roesch, or from Mickelson."

█ The statute permits liens for materials and labor furnished in the "alteration, repair, replacement of parts, storage, keeping, maintenance, and preservation of any personal property." SDC 39.0801. The gasoline and oil were nonlienable items. There is no evidence that the clutch plate was used in the repair of the tractor. The only testimony in this regard was given by plaintiff and defendant. Plaintiff testified that the clutch plate was purchased to repair a truck and defendant testified that he had no personal knowledge of the transaction. It conclusively appears that defendant had no claim to or lien on the tractor.

Counsel for plaintiff contend that it is not essential to conversion that there should be a manual taking of the property of another and that defendant applied the same to his own use; that interference with the ownership of a chattel constitutes a conversion; and that defendant converted the tractor when he filed and assigned the purported mechanic's lien.

█ We are satisfied that while manual possession of the property is not necessary to constitute conversion something more than the mere claim or filing of a mechan-

ic's lien is necessary. There is no conversion where there is no denial or violation of plaintiff's domination over or rights in the property. As stated by the court in Bolling v. Kirby, 90 Ala. 215, 7 So. 914, 917, 24 Am. St. Rep. 789: "Conversion which will sustain trover must be a destruction of the plaintiff's property, or some unlawful interference with his use, enjoyment, or domination over it, or an appropriation of it by the defendant to his own use, or to the use of a third person, in disregard or defiance of the owner's right, or a withholding of possession under a claim of title inconsistent with the title of the owner. * * * It is immaterial whether the conversion or appropriation be for the benefit of the defendant or of a third person. 'The true inquiry is, "Does the defendant exercise a dominion over the property in exclusion or defiance of the plaintiff's right?" If he does, that is in law a conversion, be it for his own or another person's use.' " In Steele v. Marsicano, 102 Cal. 666, 36 P. 920, 921, it is said: "In order to charge the defendant with the conversion of the plaintiffs' goods, he must be shown to have done some act implying the exercise or assumption of title, or of a dominion over the goods, or some act inconsistent with the plaintiffs' right of ownership, or in repudiation of such right. A simple act of intermeddling with another's property, which does not imply any assertion of title or dominion over the property, and which is done in ignorance of the owner's claim thereto, and without any intention to deprive him of it, will not constitute a conversion." In Kunze v. Cox, 113 Mich. 546, 71 N. W. 864, 67 Am. St. Rep. 480, it was held that the fact that property was levied upon and advertised for sale was not sufficient to establish conversion. "Someone must have taken it into possession," said the court, "and deprived the plaintiffs of it, by removal or otherwise, under circumstances which show that the defendant was legally chargeable with such deprivation." As to the property here in question defendant by filing and assigning the purported lien did not assume domination over the property in disregard or defiance of plaintiff's rights.

See also Hall v. Merchants' State Bank, 199 Iowa 483,

202 N. W. 256, 38 A. L. R. 1093; Nye v. Johnson, 72 N. D. 95, 4 N. W.2d 819; Davis v. Buffum, 51 Me. 160; Sammis v. Sly, 54 Ohio St. 511, 44 N. E. 508, 56Am. St. Rep. 731; Bowe v. Palmer, 36 Utah 214, 102 P. 1007, 24 L. R. A., N. S., 226, 21 Ann. Cas. 1191; Spooner v. Holmes, 102 Mass. 503, 3 Am. Rep. 491.

█ Plaintiff contends that the record shows that defendant knowingly participated with Butler in the sale of the property and that they were joint tort-feasors. The review is only of the action of the trial court in directing a verdict on the issue of conversion and not that of the jury. In reviewing the action of the court withdrawing the issue from the jury, the evidence must be considered in the light most favorable to the defendant. While it is true that any person aiding in the conversion of property is responsible to the owner, we cannot say that participation by defendant in the foreclosure proceeding was an undisputed fact or that the court could declare as a matter of law that defendant aided and abetted another in the conversion of the property. We conclude that the court erred in directing a verdict on the issue of conversion.

In view of this holding, it is not necessary to inquire into the other errors urged on appeal.

The judgment appealed from is reversed.

All the Judges concur, except POLLEY, not sitting.