MERCHANTS AND FARMERS STATE BANK of Weatherford, Texas, appellant, v. BLAIR CARROLL ROSDAIL, C. EARLE FLETCHER et al., appellees.

No. 51483.

(Reported in 131 N.W.2d 786 and 136 N.W.2d 286)

December 15, 1964.

Rehearing Denied March 9, 1965.

Opinion Modified July 7, 1965.

Barry N. Minear, of Des Moines, for appellant.

John A. McClintock, of Des Moines, for appellee Blair Carroll Rosdail.

Don C. Swanson, of Des Moines, for appellee C. Earle Fletcher.

Bernard J. Connolly, of Des Moines, for appellee Tom Fletcher.

R. K. Richardson, of Jefferson, for appellee Meyrl B. Finch.

PETERSON, J.—On May 29, 1962, plaintiff filed petition against Blair Carroll Rosdail and C. Earle Fletcher for declaratory judgment. Its request was that a certain chattel mortgage held and owned by plaintiff in the amount of $2475 be declared a first lien against a 1962 Rambler Ambassador station wagon with identification No. H 162769. Plaintiff filed first and second amendment to its petition demanding judgment against defendant Rosdail, and other defendants, for $2475, together with interest and attorney fees as provided in the note and mortgage, and for possession of the car. The trial court dismissed both counts of plaintiff's petition. Plaintiff has appealed.

The ultimate and final issue in this case is whether plaintiff, under its note and mortgage, is entitled to judgment against defendant and to possession of said Rambler car or whether defendant Rosdail who was an innocent purchaser for value of the car is entitled to keep possession and ownership of same.

I. On February 13, 1962, one John C. Jackson, otherwise known as John Carson Jackson, purchased the above described Rambler station wagon from an automobile dealer in Weatherford, Texas. As a part of the purchase price for said automobile Jackson borrowed $2475 from plaintiff and executed a promissory note in said amount payable in 90 days. Jackson also gave a

chattel mortgage on the car, which mortgage was noted as a lien upon the face of the title certificate in accordance with Article 1436-1, section 41 et seq., Vernon's Texas Statutes (1948). In addition to the marking of the lien upon the title certificate, plaintiff also caused said chattel mortgage to be recorded in the chattel mortgage records of Parker County, Texas, on the same date.

The record is not clear how a man by the name of R. L. Douglas, Jr., entered the picture, but the next step with reference to the Rambler car was that there was issued by the Secretary of the State Department of Revenue of the State of Alabama a 1962 motor-vehicle registration receipt for the Rambler automobile above mentioned, and which receipt was issued to R. L. Douglas, Jr., on February 23, 1962, just ten days after the purchase of the car. Upon the receipt the address of Mr. Douglas was listed as Barton, Alabama.

The next procedure was that a certificate of title was issued for the Rambler automobile to R. L. Douglas, Jr., in the state of Oklahoma on March 1, 1962. On this certificate his address was shown as 800 Georgia Avenue, Chickasha, Grady County, Oklahoma.

The next step was that on March 9, 1962, an Iowa certificate of title was issued in Sac County, Iowa, to R. L. Douglas, Jr. On this certificate his address was listed as Odebolt, Iowa.

Thereafter, a person representing himself as R. L. Douglas, Jr., transferred the vehicle to John Carson Jackson, said transfer being made on the reverse side of the title certificate. John Carson Jackson on the same day (March 9, 1962) secured a title certificate as to the Rambler car in Ida County, Iowa. On the title certificate the address of Mr. Jackson appears as Arthur, Iowa.

On March 14, 1962, John Carson Jackson sold the Rambler car to Meyrl B. Finch, d/b/a Finch Chevrolet Olds Company of Jefferson, Iowa. The certificate of title was assigned by Mr. Jackson to said company. On March 27, 1962, Meyrl B. Finch sold the Rambler automobile to Tom Fletcher, d/b/a Tom Fletcher Company of Des Moines, Iowa. On March 31, 1962, Tom Fletcher sold the Rambler automobile to C. Earle Fletcher,

although the said C. Earle Fletcher did not take an assignment of same on said title.

C. Earle Fletcher, also of Des Moines, Iowa, then sold the Rambler automobile to defendant Blair Carroll Rosdail. After the sale, Tom Fletcher obtained an Iowa title certificate in Polk County, Iowa, dated April 2, 1962, and transferred such title certificate to defendant Blair Carroll Rosdail.

The original Iowa title obtained by R. L. Douglas, Jr., in Sac County, Iowa, and each subsequent Iowa title issued as to said vehicle, all failed to note the lien of the plaintiff thereon, and defendants had no actual knowledge of the lien at the time they purchased or sold said car.

At all times mentioned above it was stipulated the value of the Rambler automobile was $2475 and the car at the time of trial was in the possession of defendant Blair Carroll Rosdail.

II. Defendant Blair Carroll Rosdail filed amended cross-petition against C. Earle Fletcher and Tom Fletcher, from whom he had purchased the car, claiming that they had warranted the car and if he lost same they were obligated to him for the value of same.

C. Earle Fletcher and Tom Fletcher filed a cross-petition against Meyrl B. Finch claiming that if Rosdail lost the car and they were indebted to him for the value of same that then Meyrl B. Finch was obligated to them for the reason that he had warranted the car to them when they purchased same from him.

In its final findings of fact and conclusions of law the trial court in addition to dismissing Counts I and II of plaintiff's petition also dismissed the cross-petitions of Tom Fletcher and Blair Carroll Rosdail. The cross-petitioners did not file notice of appeal as to such dismissal. Consequently, we can give no consideration to the cross-petitions and answers thereto.

Shortly after the filing of the petition plaintiff filed a motion to separately hear and determine the law points involved in the case in accordance with the provisions of rule 105, Rules of Civil Procedure. Such motion was duly heard and acted upon, and a judge of the district court of Polk County, Iowa, held plaintiff had a first lien as against the Rambler automobile by reason of the chattel mortgage held by plaintiff and held that

said lien was prior to the ownership by defendant Rosdail as to the car. However, when the case was finally tried by another judge of the district court of Polk County, such ruling was not heeded in the final findings of facts and conclusions of law determined and filed in the matter of this case which is now before this court.

The culprit or culprits in the matter are John Carson Jackson and R. L. Douglas, Jr. One or both of said parties were guilty of the crooked work of not carrying the lien of plaintiff all through the various tranfers of title, and selling the automobile, lien free, to defendant Meyrl B. Finch.

III. In its dismissal of plaintiff's petition, the court's general theory was that plaintiff had a definite remedy at law and declaratory relief was not proper under such conditions. Rule 261, R. C. P., is as follows:

"Declaratory judgments permitted. Courts of record * * * shall declare rights, * * * whether or not further relief is or could be claimed. It shall be no objection that a declaratory judgment or decree is prayed for. The declaration * * * shall have the force and effect of a final decree. The existence of another remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. * * *."

Rule 265, R. C. P., is as follows: "Discretionary. The court may refuse to render a declaratory judgment or decree where it would not, if rendered, terminate the uncertainty or controversy giving rise to the proceeding."

In accordance with the rules we have a right to enter declaratory judgments even though further or other relief could be claimed.

We considered the question in Hartford Accident & Indemnity Co. v. O'Connor-Regenwether Post, 247 Iowa 168, 172, 73 N.W.2d 12. An action was started against defendant under what was known as "Iowa Dram Shop Laws." Defendant's liability insurance company denied liability and the company started an action against the Post for declaratory judgment with reference to the matter. The trial court dismissed the case, but this court reversed. In our decision we said: "The extent of coverage of an insurance policy is a proper subject for deter-

mination in a declaratory-judgment action." In support of the position also see case of Maryland Casualty Co. v. Faulkner, 6 Cir., 126 F.2d 175.

We considered the matter in the recent case of Wright v. Thompson, 254 Iowa 342, 347, 117 N.W.2d 520. We said: "The existence of another remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

In a recent discussion of declaratory judgments in 26 C. J. S., Declaratory Judgments, section 11, it was stated: "The discretion to grant or refuse declaratory relief is broad in nature, and should be liberally exercised to effectuate the purpose of the statute, * * *."

It is true that in the case at bar there were other actions which could be maintained by plaintiff such as replevin or foreclosure of a chattel mortgage, but this does not destroy plaintiff's right to seek relief through a declaratory judgment. As generally stated in the Hartford Accident & Indemnity Company case the remedy of a declaratory judgment will be refused *only* if it will not finally settle the rights of the parties. The legal question involved in the case at bar is the validity of plaintiff's lien against defendant Rosdail and a declaratory-judgment action was appropriate to settle such question.

IV. The trial court held defendant Rosdail was an innocent purchaser for value and became the absolute owner of the Rambler station wagon, and that the lien of plaintiff was inferior to such ownership.

This question has been before this court and before the courts of many states in recent years. Automobiles have become such an integral part of our daily life that the door seems to have been opened wide for the commission of many frauds and misrepresentations by unscrupulous people.

This court had occasion to consider the question in the very recent case, June 1964, of Northern Insurance Co. of New York v. Miller, 256 Iowa 764, 129 N.W.2d 28. A Buick automobile had been purchased by a man named Gaertner in Illinois from the Buick Company in Chicago on December 8, 1961. Between that date and December 19 the car was stolen from Mr. Gaertner. The thieves first took the car to Alabama; then to Nebraska;

then to Iowa where an Iowa title certificate was secured by a man called William Allen (fictitious name). He advertised the car for sale and in answer to the ad Richard Miller bought the car for $2500 cash. On the basis of the title certificate previously issued in Iowa a new title certificate was issued to Richard Miller and wife in Scott County, Iowa.

Plaintiff's insurance company had paid Gaertner for his loss and had taken an assignment of the Illinois title certificate as to the Buick car. The case involved the one question as to whether plaintiff, the holder of such Illinois title certificate, was entitled to the car or whether defendant, an innocent purchaser for value, became the owner. We decided plaintiff was the owner and that defendant could not secure a good title from a thief.

In the case at bar plaintiff had loaned $2475 on the Rambler station wagon and had taken a note and chattel mortgage as evidence of such loan. The lien was properly endorsed on the title certificate in Texas and the mortgagee had duly recorded the mortgage in the county clerk's office (statutory provision) where the loan was made.

Fraud and misrepresentation actions were committed by a man known as John Carson Jackson, with the apparent assistance of another man known as R. L. Douglas, Jr. The same procedure was followed in this case as occurred in the Miller case. In some manner Mr. Douglas succeeded in getting a title certificate as to the Rambler station wagon in Alabama. Later he secured a certificate in Oklahoma. He then came to Iowa, and apparently on the basis of his Oklahoma title certificate secured a title certificate in Sac County, Iowa. He then transferred the car and the title certificate to John Carson Jackson and Mr. Jackson secured a title certificate in Ida County, Iowa. Up to this point the situation was maintained in fraud and misrepresentation. The existence of plaintiff's lien against the car was not noted on any of the title transfers in Alabama, Oklahoma or Iowa.

The situation then became ripe for the crooks to appear among honest automobile dealers. In some manner John Carson Jackson succeeded in making sale of the car to Meyrl B. Finch at Jefferson, Iowa. It is a moot statement, but it was at this

point that honest automobile dealers should commence to be wary of crooks. Jackson gave his address as Arthur, Iowa. This is a very small town. The record does not disclose the situation, but it would seem that a dealer could and would make investigation as to a man traveling around offering an automobile for cash at a no doubt reduced price.

The car then passed to the Fletchers and they sold it to defendant Rosdail for cash. He now has possession and this declaratory-judgment action is a proper inquiry under proper procedure to determine the question as to whether under such circumstances Rosdail received ownership of the car.

We declare the lien of plaintiff is superior to any claim of ownership by defendant Rosdail. Such decision is not only sustained by the case of Northern Insurance Co. v. Miller, supra, but by the weight of authority in similar decisions in many states of our nation.

The situation with reference to the ownership and prior liens as to automobiles is supported by conclusive decisions in California, Colorado, Florida, Louisiana, Michigan, Texas, New York and Nebraska. The detailed citation of such cases appears in the Miller case.

V. In order to properly declare our judgment in this case, it is also necessary that we consider and decide the question of conversion of the Rambler station wagon by defendant Rosdail.

There is no question but what under the record Rosdail took possession of the car and is claiming absolute ownership of same. Conversion may be accomplished by purchase of the property, but in order to constitute conversion, rights must be exercised by the alleged new ownership inconsistent with the rights of prior owner or lienholder. Hall v. Merchants State Bank, 199 Iowa 483, 202 N.W. 256, 38 A. L. R. 1093; Sloane State Bank v. B. M. Stoddard & Son, 178 Iowa 104, 159 N.W. 636, L. R. A. 1917A 1261; 53 Am. Jur., Trover and Conversion, page 829; 10 Am. Jur., Chattel Mortgages, page 847; Jensma v. Allen, 248 Iowa 556, 81 N.W.2d 476.

A good definition under the conditions and circumstances of the case at bar appears in the Jensma case above, quoted on page 562. It is as follows: "A conversion is properly

defined as a distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his title or rights therein, or in derogation, exclusion or defiance of such title or rights."

A demand upon defendant Rosdail for return of the vehicle was unnecessary. Likewise such a demand upon any defendant other than Rosdail was unnecessary since they did not have possession of the vehicle, had disposed of it, and such demand would have been useless. See 18 Am. Jur.2d, Conversion, section 63.

■ VI. The decision of the trial court is reversed and we hereby declare that plaintiff is the holder and owner of a first lien against the Rambler station wagon and plaintiff's rights are superior to any claim or rights of defendants. We also declare that by taking possession of and claiming ownership of said automobile defendants Blair Carroll Rosdail, C. Earle Fletcher, Tom Fletcher and Meyrl B. Finch converted same.

The case is reversed and remanded to the district court for further proceedings in harmony with this opinion and without prejudice to the right of any defendant to reassert his cross-petition. Costs are hereby taxed to defendants.—Reversed and remanded.

All JUSTICES concur.